Hon. ISAAC F. REDFIELD, } Assistant Judges.
Hon. PIERPOINT ISHAM,

---

LYMAN HIBBARD *v.* SENECA FOSTER AND OTHERS.

*Trespass quare clau. Possession. Damages.*

In an action of trespass *quare clausum fregit*, the plaintiff having title to one half of the premises, it was held, that he might recover the whole damages.

Where B. entered upon a certain lot, claiming to be the owner of the same, and during the winter seasons took timber therefrom, from time to time, it was held, that these acts, (he having good title to one half,) gave him possession of the whole lot, as against every one but the true owner. *Sawyer* v. *Newland*, 9 Vt. 383.

Hibbard *v.* Foster et al.

It was also held, that this possession B. might convey to his grantees, and that it is not necessary that these acts of possession should be renewed from year to year, to enable B., or his grantees, to maintain trespass. All that is required, is, that there should be continued claim.

TRESPASS *quare clausum fregit,* for breaking and entering the plaintiff's close, described as number 19, second division, drawn to the original right of John I. Clark, in Brighton, and cutting and carrying away timber therefrom.

Plea, general issue, and notice that they would justify under license from plaintiff, and trial by jury.

On the trial, it was admitted by the defendants, that by the proprietor's records, of the town of Brighton, lot number 19, in the second division, was drawn to the original right of John I. Clark. The plaintiff then introduced a certified copy of the last will of John I. Clark, proved in the state of Rhode Island, and also duly recorded and allowed in this state, by which, after certain legacies, &c., he gave to his daughters, Anne E., wife of Oliver Kane, and Harriet Clark, the residue of his estate, real and personal, in equal moieties, and to their several and respective heirs and assigns.

The plaintiff, also, introduced a copy of the record of a deed from Robert Hare and Harriet C. Hare, wife of the said Robert, to Orvis L. Brown, dated October 15th, 1830, conveying the original right of the said Clark, as lot number 34, the first division, &c., the said Kane and wife having conveyed their interest to said Hare and wife.* Also, a copy of a deed from Orvis L. Brown, to Jonathan D. Stoddard, dated April 4th, A. D. 1835, of the same premises, so conveyed by said Hare and wife. Also, a copy of a deed from Jonathan D. Stoddard to the plaintiff, dated March 12th, A. D. 1838, conveying the same premises. The plaintiff then proved, that Harriet C. Hare, wife of Robert Hare, was, before her marriage, Harriet Clark, and daughter of said John I. Clark; that Oliver Kane married another daughter of said Clark, and that Mrs. Kane and Mrs. Hare were the only surviving children

---

* The description of the premises, in the deed from Hare and wife to Orvis L. Brown, was as follows: " The whole of the original right of the late John I. Clark, " Esq., which we hold as devisees of the said Clark, and by virtue of a certain " deed of release, to us executed by Oliver Kane and his wife Eliza, in a lot desig- "nated as right, number thirty-four, in the township of Random in the State of " Vermont."

of said Clark. The plaintiff then introduced evidence tending to prove, that after said Orvis L. Brown took said deed from the said Robert Hare and wife, and before he conveyed to said Stoddard, as aforesaid, the said Brown claiming to be the owner of said lot, number 19, entered upon the same, and during the winter seasons took therefrom timber, from time to time, in considerable quantities, but never leased or enclosed any part of said lot, or made any improvements thereon, except to take timber, as aforesaid; that said lot was wild land, and some miles from any cultivated or inhabited lot. And also, that said Stoddard and the plaintiff had, since the dates of their respective deeds, claimed to own said lot, and had agents in the vicinity of the lot to look after the same, and paid the taxes assessed upon the lot.* The plaintiff then gave evidence tending to prove, that the defendants, in November or December, 1848, entered upon said lot, and cut two pine trees standing thereon, and carried away one of them and manufactured the same into shingles.

The defendants insisted, and requested the court to charge the jury, that plaintiff had shown no sufficient title to the lot, to enable him to sustain his suit against them.

But the court declined so to charge the jury, but upon *this part* of the case, instructed the jury, that if they found that said Orvis L. Brown, after he took his deed from said Hare and wife, and before he deeded to said Stoddard, entered upon said lot, claiming the same under his said deed, and took timber therefrom from time to time, and that said Stoddard, while he held the deed of said lot, and the plaintiff, since he took the deed from said Stoddard, had continued to claim title to said lot, and to pay the taxes thereon, it constituted sufficient proof of title in the plaintiff, to enable him to maintain an action of trespass against a mere stranger to the title, who should enter and cut timber upon said lot.

The jury returned a verdict for the plaintiff, for four dollars damages.

The plaintiff claimed that he was entitled to recover full costs,

---

* The following amendment was made to the bill of exceptions, by the presiding judge of the county court: " That said agents frequently went on to the said " lot, to examine, and see if any timber had been cut therefrom, and at one time " went on to said lot with the plaintiff, and showed him the lines of the lot,— this " was before the cutting by the defendants complained of."

Hibbard *v.* Foster et al.

upon the ground that his title to the lot was in question in the case. The court ruled, that plaintiff was entitled to recover full costs.

To the charge of the court, as above set forth, and to this last decision, defendants excepted.

- *George C. Cahoon* for defendants.

Claimed, that the bill of exceptions did not fully present all the questions in the case, that the omission probably was caused by the press of business at the time the exceptions were drawn; that plaintiff's counsel, without notice to defendants' counsel, had applied to the judge and procured an amendment to the bill of exceptions, which, in the estimation of defendants, so materially altered the aspect of the case, that if incorporated into the case, they should not be required to go to trial, until they have an opportunity to apply to the county court, to have the bill of exceptions amended also in their behalf.

And insisted, that plaintiff was not entitled to full costs, as the damages were less than seven dollars; and as the defendants neither set up title nor claim to possession of the premises, but simply a permit from plaintiff to do the act complained of.

*William Haywood, Jr.* for plaintiff.

Insisted, that the conveyances and will put into the case, show that plaintiff has a perfect title to an undivided half of lot number 19,—putting the case upon this ground, plaintiff may lose half of his verdict. *Chandler* v. *Spear*, 22 Vt. 388. But Orvis L. Brown had a deed of the whole lot, and he entered upon it claiming title, and being seized by his entry, conveyed to Stoddard, and Stoddard conveyed to plaintiff. Bare seizure, even by wrong, is a degree of title to land, (2 Bl. Com. 209,) which may be conveyed by the person seized. *Bailey* v. *March*, 3 N. H. 274. *Breck* v. *Young*, 11 N. H. 485. *Cushman* v. *Blanchard*, 2 Greenleaf 266.

And such a conveyance from a person, who was himself seized, makes a sufficient title to sustain ejectment, and of course it is sufficient to sustain trespass against a mere wrong doer. *Brown* v. *Edson*, 22 Vt. 357. *Bryant* v. *Tucker*, 19 Maine 383.

BY THE COURT. The plaintiff's title to one half the lot, must be regarded as sufficiently made out, we think, from the original

source.   The deed of Robert Hare and wife, clearly describes the whole right, but in reciting the sources of their title, the deed of Kane and wife, is described as a deed of number 34, as it is.   And having title to one half, the plaintiff must recover the whole land in ejectment, and the whole damage, we think, in trespass *quare clausum fregit.*   That was certainly so at common law, when trespass is brought merely for *mesne* profits, and equally in an action of ejectment, the plaintiff, who recovered the land, would recover damages for his own portion of the land, and also for his co-tenant.

The case of *Chandler* v. *Spear,* 22 Vt. 388, was trespass *de bonis,* and in that action, which is merely personal, one tenant in common can only recover his proportion of the common chattel, and the same rule was thought applicable when the action was in that *form,* notwithstanding the damages grew out of an injury to land.   But we are not aware that any question has ever been made, but that in real and possessory actions, one tenant in common may always recover the damage due his co-tenant as against a mere stranger.

But it seems obvious, that the ground upon which the court below put the case, is sound.   The act of Brown gave him possession of the whole lot, as against every one but the true owner. *Sawyer* v. *Newland,* 9 Vt. 383.

This possession he might convey, and undoubtedly did convey to his grantees.   And we are not aware, that it has ever been regarded as important that these acts of possession should be renewed from year to year, to enable the person, or his grantee, to maintain trespass.   All that is required is that there should be continual claim.   This is shown by the case, before the amendment, and more in detail, by the amendment.

There can be no doubt the plaintiff's title and right of possession, was sufficiently brought in question in the trial, if what we have heard in this court is to be regarded as any indication of the course of trial below.   *Powers* v. *Leach,* 22 Vt. 226.   Judgment affirmed.