## COLLIER v. CORBETT et als.

COMPLAINT in ejectment need not state the exact time of the alleged ouster, especially when no claim is made for damages, and no recovery had for them—the allegation in this case as to time of ouster being, " on or about December 12th, 1857."

Where instruments are lost by fire, it is impossible to prove with exactness the contents.   (See facts.)

Where instructions to the jury are not excepted to at the time they are given or refused, and a motion for new trial is made for error in giving and refusing such instructions, they cannot be considered, on appeal from the order denying the motion.

One tenant in common may sue a party in possession by adverse claim, and recover the premises, if plaintiff represents the better title.

APPEAL from the Fourteenth District.

The complaint averred that in June, 1856, plaintiff purchased the premises, situated near and east of Nevada, by deed, from Dixon and Friedenthall; that he thereby immediately entered upon and took possession, and held the premises; that being so in possession, and entitled to the possession of the premises, the defendant, " afterward, to wit: on or about the twelfth day of December, 1857, wrongfully and unlawfully, and without right, entered upon, took possession, ousted and ejected the plaintiff therefrom, and wrongfully and unlawfully withholds the same from the plaintiff."    The complaint describes the premises with specific metes and bounds.    Defendants demurred, and the demurrer being overruled, answered.

On the trial, plaintiff offered as a witness, Friedenthall, who, among other things, testified that he owned one-half interest in the premises, and sold the same by "bill of sale," acknowledged before the Clerk, to plaintiff, "about two weeks before *the fire.*"

Plaintiff was then sworn, and said: "I took the deeds to the Clerk's office to be recorded and acknowledged, and they were there till they were burned, at the time of the fire; I have never inquired for them; I never got them."

T. P. Hawley then testified, as follows: "I was acting as Clerk in '56; some time previous to the fire, Mr. Collier, Mr. Friedenthall and Mr. Dixon came into the Clerk's office; Mr. Dixon and Mr. Friedenthall acknowledged it, and I filed it, and passed it over for record; the records were destroyed in July, 1856; I don't recollect exactly about the ranch; had a conversation with Mr. Friedenthall."

Cross-examined: "I did not read the deed; it was left for record; Mr. B—— was the recording clerk; I do not know whether it was burnt or not; the acknowledgment was taken before me, as deputy clerk; did not read it over; I know his name was signed to it, and by Solomon A. Dixon; that was the only name."

Friedenthall resumed: "The contents of the deed were one-half of the ranch; Dixon owned one-half; I don't know as Dixon signed it; I was not there afterwards; I don't know what became of Dixon; never has been here but once; Dixon made the bargain with me for Mr. Collier to buy the half of the ranch; Mr. Collier paid me out the money; I got two hundred dollars cash; nobody else got any at the time; Dixon and me and the Clerk were alone in the room; I did not see Dixon receive anything; that deed conveyed all my interest in the ranch; it described only the undivided half of the ranch."

Cross-examined: "Dixon never lived on the ranch;  *  *  it was a bill of sale and a deed of Keating, or rather the preëmption; Keating was the name signed to it; I signed that paper;  *  *  I don't know whether it was in the Clerk's office or not; that is the only time I had anything to do with Mr. Collier, or any paper that I signed;  *  *  nobody else signed that paper but me."

T. R. McFarland testified "that he drew a deed of piece of ground from Dixon to Collier early in 1856—piece of ground east of and near town; it conveyed Dixon's interest, and he executed it before he left my office, I think; don't know if deed was ever delivered."

T. P. Hawley: "Deed was signed by Dixon and by Friedenthall; the consideration money was four hundred dollars; I did not see the money paid; the parties told me the consideration money was four hundred dollars; they acknowledged the instrument; I knew all the parties and the ranch."

This was all the proof as to any deed. It was shown that the land was originally located by Friedenthall and one Keating, who sold his interest to Dixon, and that Dixon never lived on the ranch, and was at the time of trial in Tennessee.

After plaintiff rested, defendants moved for non-suit, on the grounds that plaintiff had failed to prove a conveyance from Dixon and Friedenthall, as set forth in the complaint; had failed to prove the metes and bounds of the premises as set forth; and had shown that at most he had no right under the proof to more than half the ranch, and that in law he must recover the whole or none. Motion overruled. After

Collier v. Corbett.

evidence for defendants, the case was given to the jury under instructions. Verdict for plaintiff. Defendants appeal.

*F. J. Dunn*, for Appellants.

1. Exact time of ouster must be alleged. " On or about " a certain day, is bad. (2 Chitty Pl.)

2. The loss of the deed from Dixon and Friedenthall to the plaintiff was not sufficiently shown to admit proof of its contents. (*Taylor* v. *Riggs*, 1 Pet. 591, 596; *Patterson* v. *Miller*, 5 Id. 240, 242; *Riggs* v. *Taylor*, 9 Wheat. 486; *Taunton Bank* v. *Richardson*, 5 Pick. 436; *Poignard* v. *Smith*, 8 Id. 278; *Page* v. *Page*, 15 Pick. 368, 374, 375; *Chamberlain* v. *Graham*, 2 John. 144; *Jackson* v. *Frice*, 16 Id. 193; *Meeker* v. *Jackson*, 3 Yates, 442; *Blanton* v. *Miller*, 1 Hay. 4; *Smiley* v. *Dewey*, 17 Ohio, 156; *Fitel* v. *Boyce*, 19 Conn. 285; 1 Greenl. on Ev. 349, 558, and notes; *Vider* v. *Wilkins*, 5 Denio, 64; *Willis* v. *Dole*, 2 South. 501; *Schræder* v. *Harper*, 1 Har. 444; *Flinn* v. *McGonigle*, 9 Watts & Serg. 75; *Mann* v. *Buchanan*, 7 Black. 549; *Park* v. *Barr*, 18 Conn. 311; 3 Id. 424; *Maurice* v. *Saunders*, 3 Gillis, 113.)

3. Non-suit should have been granted, because there was no proof that the land embraced in the alleged deed to plaintiff was the land sued for, and a deed should have been shown. (Pr. Act, sec. 58; *Clark* v. *McElvy*, 11 Cal. 154; *Dupont* v. *Wertheman*, 10 Id. 354.) There was no proof of specific metes and bounds, as set forth in the complaint. (Pr. Act, sec. 58; 1 Greenl. Ev. sec. 51; 10 Pet. 177, 209; 2 Sum. 206, 209; 8 East. 7, 8, 9; Smith's Leading Cases, 328, notes.)

*John Heard*, for Respondent.

1. The complaint avers possession and right of possession in plaintiff, and unlawful entry and ouster by defendants, and is therefore good. (4 Cal. 33; Id. 70, 94.)

2. The evidence identifies the land.

3. The deed to plaintiff was sufficiently shown to be lost.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

We see no objection to the complaint, which seems to pursue the usual form in possessory actions. The mere fact that the exact time of

13

the alleged ouster is not stated, is not material, especially as no claim was made for damages, nor is any recovery had for them. Nor is there anything in the fact that the prayer is that the defendants surrender the possession, instead of asking restitution.

2. We think the proof was sufficient to let in parol evidence of the deeds offered. It is impossible in cases of loss of instruments by fire, to prove with exactness the contents. We think that the proof was sufficient that these papers and the record of them were burned.

3. The instructions now assigned for error, as those given for plaintiff and those refused for defendants, were not excepted to at the time they were given or refused. On a motion for a new trial, therefore, for this cause, and an appeal here for the refusal to grant the motion, we cannot consider them. We see nothing in the grounds for non-suit, set out in the motion, to require the Court to grant it.

There was some proof of the identity of the premises sued for ; and it is well settled that one tenant in common may sue one in possession by adverse claim, and recover the premises, if the plaintiff represents the better title.

Judgment affirmed.