LEFERN (HOLLISTER v.). See Case No. 6.622.

LEFEVRE (UNITED STATES v.). See Case No. 15,591.

———

## Case No. 8,209.

### LE FRANC v. RICHMOND.

[5 Sawy. 601.] [1]

Circuit Court, N. D. California. Aug. 18, 1864.

MEXICAN LAND GRANTS—BOUNDARY — INCURABLE UNCERTAINTY VOID—DEED—PRESUMPTION AS TO SEAL—TENANT IN COMMON—RECOVERY AGAINST TRESPASSER.

1. Where the boundary line in the description of land in a conveyance is given as running from a creek which is several thousand feet in length, without other designation of the starting point, and the line can be run so as to comply with the conditions of the description if it start from any position on the creek, the particular tract intended by the grantor is incapable of identification; the description is affected by incurable uncertainty, and the deed is inoperative on that ground.

2. A conveyance of real property in California in 1864 could only be made by deed, and that imports an instrument under seal; but as the statute then in existence, in providing for the record of deeds, did not require any note or entry by the recorder of the existence of a seal to the original, and yet made copies from the records admissible with the like effect as the original, when the latter were beyond the possession and control of the party, the existence of the seal to the original will be presumed from the statement in the concluding clause in the instrument that the grantor affixed thereto his seal, and from the attestation clause that the instrument was sealed in the presence of the witnesses.

[Cited in Todd v. Union Dime Sav. Inst., 118 N. Y. 347, 23 N. E. 301.]

3. One tenant in common of real property can recover in ejectment the entire demanded premises against parties in possession by adverse claim, if he represent the better title.

This was an action [by Charles Le Franc against Frank Richmond] for the possession of a tract of land in Santa Clara county, and was tried by the court without the intervention of a jury, by consent of parties, at the July term of 1864.

Hall & Cutler McAllister, for plaintiff.
Spencer & Jarboe, for defendant.

FIELD, Circuit Justice. This is an action of ejectment to recover a part of the tract known as the "Rancho of San Juan Bautista," situated in Santa Clara county. Both parties deraign their title from a common source—from Augustine Narvaez, the grantee of the Mexican government. The defendant claims under an instrument purporting to be a conveyance, executed in 1847, to Andreas Martinez, a son of the Mexican grantee. This instrument is signed not only by Augustine Narvaez, but by five of his sons; but as it nowhere appears that the sons ever acquired any interest in the rancho, the instrument is treated as the conveyance of the father alone. It described the premises conveyed as part of the grantee's tract of land—"that is to say, from the Capitancillos creek, cutting through the middle of the small hill to a point adjoining José Ernandez, up to the range of Blue Hills." The grantor evidently intended to give to his son that part of his tract which was cut off by a straight line running from some point on the Capitancillos creek, a stream bounding the rancho on the south, through the center of the small hill, the position of which was well understood, to the property held by Ernandez, and thence to the range of Blue Hills. The difficulty with the description arises from the omission to give the starting point of the line on the creek, or the point where the line strikes the property of Ernandez. The creek extends along the rancho a distance of over eight thousand feet, and any position upon it may be indifferently taken as the starting point. and the line run so as to meet the conditions of the description. The tract deeded can not, therefore, be located with certainty until the starting-point is established. Evidence was admitted of the circumstances under which the instrument was executed. but it furnished no aid in determining the matter. The particular tract intended by the grantor remains incapable of identification. The description given is affected by incurable uncertainty,

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

and the deed must be declared inoperative on that ground. 1 Greenl. Ev. 300.

The case must, therefore, rest upon the sufficiency of the title of the plaintiff. He claims through several mesne conveyances from Narvaez, the first of which was executed to one Blanchard, in October, 1852. The original of this conveyance was not in the possession or under the control of the plaintiff; and upon admission of the fact, a copy from the records of the recorder of the county where the land is situated was produced, and offered under the statute. The copy did not show that any seal was attached to the original, and, assuming that such was the fact, the objection was taken that the title did not pass by the instrument.

There is no doubt that a seal is essential to a conveyance of real property. There may be certain possessory rights to mines and water privileges on the public lands, which are held, in this state, to pass by simple unsealed bills of sale, but these are exceptional cases. Ortman v. Dixon, 13 Cal. 36. The general doctrine with reference to instruments by which real property is transferred is the same in California as in other states—the instruments must be sealed. The transfer inter vivos can only be made by deed, and a deed implies sealing; its definition is "a writing sealed and delivered by the parties." 2 Bl. Comm. 295. "But it is not necessary," says Sugden, "that an impression should be made with wax or with a wafer. If the seal, stick or other instrument used be impressed by the party on the plain parchment or paper, with an intent to seal it, it is clearly sufficient; and, therefore, when the instrument is (purports to be?) a deed. and on proper stamps, and it is stated in the attestation to have been sealed and delivered in the presence of the witnesses, it will, in the absence of evidence to the contrary, be presumed to have been sealed, although no impression appear on the parchment or paper." 1 Sugd. Powers, 282.

The presumption thus indulged is more just and natural where the original instrument is lost, and resort is had to secondary evidence of its contents. The statute, in providing for the record of deeds. does not require any note or entry by the recorder of the existence of a seal to the original; yet copies from the records are made admissible in evidence with the like effect as the originals, when the latter are beyond the possession or control of the party. The existence of the seal to the original must, therefore, in the majority of cases, where copies are used. be a matter of presumption, and the fact may be fairly presumed from any expressions in the conclusion of the instrument, as in the copy produced in the present case, or in the attestation indicating that a seal was affixed. Smith v. Dall, 13 Cal. 510; Math. Pres. Ev. 39.

From Blanchard, the grantee of Narvaez, the title to one undivided half of the premises is traced to the plaintiff, through several intermediate conveyances. all of which are executed in due form—at least, no objection to their form or efficacy has been urged. The title to the other undivided half is traced through a conveyance by the sheriff, executed upon a sale under a decree rendered in a suit for the foreclosure of a mortgage given by Blanchard to one Sansevaine. The latter assigned the mortgage to Moss, and he brought the suit for the foreclosure. In the suit, personal service of the summons was not made upon the defendant. Service was attempted by publication, but to the affidavit upon which the publication was ordered, various objections are urged. It is unnecessary to consider these objections, for if they should be deemed well taken, and the decree upon which the sale was made held a nullity, the plaintiff would still be entitled to recover as a tenant in common with Blanchard of an undivided half of the premises. The rule has been long settled in this state, that one tenant in common can recover in ejectment the entire demanded premises as against parties in possession by adverse claim, if he represent the better title. Collier v. Corbett. 15 Cal. 183; Stark v. Barrett. Id. 371; Touchard v. Crow. 20 Cal. 162; Mahoney v. Van Winkle, 21 Cal. 583.

I do not find any difficulty in determining the initial point of the land described in the deed to Blanchard, and in the intermediate deeds from him. It is at the junction of the Arroyo de los Capitancillos with the boundary line subsequently established by the surveyor-general of California, under the decree of the district court confirming the grant to Narvaez. It follows that judgment must be rendered for the plaintiff, and it is so ordered.