EDWIN H. BIGELOW *v.* SETH H. RISING.

*Trespass q. c. f. Joinder of Parties.*

One of two or more tenants in common of real estate may maintain an action in his own name for a trespass on such estate against a mere stranger, and in such action may recover the whole damage to the property for the benefit of himself and his co-tenants.

TRESPASS *q. c. f.* for damage upon lands in Rupert. Plea, the general issue, and trial by jury, December term, 1867, PROUT, J., presiding.

The plaintiff, to make out his title to the premises on which he claimed the trespass was committed by the defendant, introduced in evidence a certified copy of the will, duly allowed and proved, of one David Brown, who had deceased, wherein the said David Brown devised, with other real estate, his undivided half of the premises in question to his adopted daughter, Maria S. Brown, together with evidence showing that the said Maria S. Brown, prior to the 28th day of January, 1863, married one Daniel S. Cole. The plaintiff also introduced in evidence the certified copy of the deed of the said Maria S. and Daniel S. Cole, dated the 28th of January, 1863, aforesaid, wherein they conveyed said undivided half of said premises to William A. Stearns; and the original deed of said Stearns to the plaintiff, dated the 4th of March, 1864, by which he conveyed to the plaintiff said undivided interest of said premises.

It further appeared that the other undivided moity of said premises belongs to one John P. Youlen, of Rupert. It did not

appear that said premises had ever been divided or occupied in severalty, or that the plaintiff claimed the same or any part thereof, adversely to the said John P. Youlen.

Upon the foregoing facts the court held and decided that the plaintiff could not maintain this action, and that the non-joinder of the said John P. Youlen could be taken advantage of under the issue joined, and directed a verdict for the defendant, to which the plaintiff excepted.

*T. Sibley* and *W. S. Southworth*, for the plaintiff.

*A. L. Miner* and *Charles N. Davenport*, for the defendant.

Argued at the February term, 1868; decided at the February term, 1869.

The opinion of the court was delivered by

PIERPOINT, C. J. This is an action of trespass *quare clausum fregit.*

It appeared upon the trial in the county court, from the evidence introduced by the plaintiff, that the premises, upon which the trespasses complained of were committed, were owned by the plaintiff in common with one John P. Youlen. On this fact appearing, the court decided that the plaintiff could not maintain the action, and that the nonjoinder of said Youlen could be taken advantage of under the general issue, and directed a verdict for the defendant.

The case, as made up, presents the naked question, whether one of two or more tenants in common of real estate, can maintain an action in his own name, for a trespass on such estate, against a mere stranger.

It has long been settled in this state that one tenant in common can maintain ejectment against a stranger to the title, and recover the whole property and damages for the entire injury sustained by the eviction, and that recovery is for the benefit of himself and co-tenant.

This being so, it is difficult to assign a satisfactory reason why one tenant in common may not maintain an action of trespass

*quare clausum*, and recover for the whole damage occasioned by the trespass, for the benefit of himself and co-tenant. There is nothing in the nature of the action, or the form of proceeding, to prevent. The title to the premises may be involved and settled in this form of action. This action is often brought solely to test the title.

In *Chandler* v. *Spear*, 22 Vt., 388, the action was trespass for taking and removing a quantity of pine logs. Upon the trial it turned out that the plaintiff owned the logs in common with another, and the question arose as to his right to recover the whole value of the logs. The supreme court, in deciding this question, after commenting upon the right of one tenant in common to recover the whole land in ejectment, say : " but where the action is for a trespass to personal property, the remedy being in damages only, there does not appear to be the like reason for allowing a full recovery by a part owner. Indeed, all that a party can, with any show of reason, claim against one who has trespassed upon a chattel upon which he has an interest, is to be made good for the injury done to that interest." And the plaintiff was allowed to recover according to his interest. The same principle applied in the present case would allow the plaintiff to recover according to his interest in the property ; but as in this action the title may be settled, and as a judgment in favor of the plaintiff may be a recovery for the benefit of himself and his co-tenant, there would seem to be a propriety in applying the same principle in respect to the damages, and allow a recovery for the whole.

In *Hibbard* v. *Foster et al.*, 24 Vt., 542, the action was trespass *quare clausum*. In deciding the case the court say : " the plaintiff's title to one-half the lot must be regarded as sufficiently made out we think from the original source,    *    *    *    and having title to one-half, the plaintiff must recover the whole land in ejectment, and the whole damage we think in trespass *quare clausum fregit*," and after referring to the case of *Chandler* v. *Spear*, and the rule as applicable in trespass to personal property, further say : " But we are not aware that any question has ever been made, but that in real and possessory actions one tenant in com-

mon may always recover the damages due his co-tenant as against a mere stranger."

In view of these authorities, as well as upon principle, we think it clear that the plaintiff can maintain this action without joining his co-tenant.

This conclusion renders it unnecessary to consider the question as to the method of taking advantage of the non-joinder of the plaintiff in actions *ex delicto*.

The judgment of the county court is reversed and the case remanded.