SARAH J. NEWELL v. J. C. WHITCHER.

*Trespass. Assault.*

1. The plaintiff gave lessons in music, one day in each week, to the defendant's daughters, and lodged at his house over night. A private lodging room was assigned her by the defendant and his wife. On one occasion at midnight the defendant stealthily came into the room where the plaintiff was sleeping, sat down upon her bed, leaned over her person, and made repeated solicitations to her for sexual intimacy, which she repelled. *Held,* that the plaintiff's *right to her private sleeping room, during the night, was exclusive;* and that trespass, *quare clausum* will lie against the defendant.
2. Sitting on her bed, leaning over her person, &c., under the circumstances, was an assault.
3. In such a case *exemplary damages* should be awarded by the jury.
4. The question is whether the defendant's conduct *injured the plaintiff;* not whether it would a *a person of ordinary courage.*

THIS case was tried at the December Term, 1878, Ross, J., presiding. Trial by jury; verdict for the plaintiff to recover $225, including $100 for exemplary damages. All the questions are substantially stated in the opinion of the court, except the charge to the jury. Charge : " That if they found that the de- defendant entered the plaintiff's room and did and said what the plaintiff said he did, and thereby frightened her, and that her health was thereby affected and she was unable to perform her customary duties and labors, she could recover, and it was imma- terial on which count of the declaration; and that if the defend- ant was actuated by malice or an intention to injure the plaintiff; or by a wanton disregard for her rights, they might in their dis- cretion—that discretion as to the amount awarded being governed by the amount of malice or wantonness with which the defendant was actuated—award or add exemplary damages." These propo- sitions were suitably illustrated and explained to the jury. To all of which defendant objected.

*Belden & Ide,* for the plaintiff.

He would be liable under the count in trespass *quare clausum,* because the parlor bed-room, for the night in question, had be- come her room. 2 Hilliard on Torts, 586, and cases there cited.

The case is analogous to those where the room of a guest at a hotel is burglariously entered in the night time by another guest or the landlord for the purpose of stealing therein. *State* v. *Clark*, 42 Vt. 630 ; Whart. on Crimes, s. 1536, 1569. He would be liable under the count in trespass for an assault. Thus, striking a horse upon which a man is riding, whereby the rider receives injury, is an assault and battery upon the rider. *Dodwell* v. *Benford*, 1 Mod. 24 ; so seizing one's clothes in an insulting manner is an assault and battery. *United States* v. *Ortega*, 4 Wash. 534 ; so also is striking the skirt of a man's coat, or the cane in his hand. *Respublica* v. *DeLongchamps*, 1 Dall. 111. And when the apparent intent of the act is insulting, very slight acts constitute an assault ; thus a man found standing within a few feet of a young girl in a state of indecent exposure. *Hays* v. *People*, 1 Hill, 351.

*Henry C. Bates, Harry Blodgett* and *E. May*, for defendant.

The facts testified to by the plaintiff do not constitute an assault. Cooley on Torts, 160 ; Hill on Torts, 179 ; 1 Bouv. Law Dic. 131. It was no attempt or offer to do corporal hurt to plaintiff. 2 Archbald's Cr. Pr. & Plead. p. 39. There was no evidence that he did anything with an intent to do plaintiff corporal injury. Washington C. C. p. 435. And we, insist the charge was erroneous, and the verdict should be set aside. Acts that may embarrass and distress do not necessarily amount to an assault. *Stevens* v. *Sampson*, 59 Me, 568 ; *Meader* v. *Stone*, 7 Met. 147 ; *Sampson* v. *Henry*, 13 Pick. 36. There was no unequivocal purpose of violence accompanied by an act which, if not stopped or diverted, would have been followed by corporal injury. 8 Iowa, 413 ; 27 Cal. 630 ; 6 Allen, 588.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff, an unfortunate girl, blind from her birth, gave lessons in music one day in each week to defendant's daughters, and lodged there over night. A certain room in defendant's house was assigned to plaintiff by defendant and his wife, as a private lodging room. On the occasion in question, she

was awakened about the middle of the night, in the dark, by the rustle and footsteps of some person in her room ; presently the defendant sat down upon her bed and bed-clothes in which she was wrapped, leaned over her person, and made repeated and persistent solicitations to her for sexual intimacy, which she repelled, and urged him to leave her room. She got up from her bed, dressed herself and sat up the residue of the night. And by these acts of the defendant she was so excited, alarmed, and put in fear, and her feelings so outraged that she was made sick, and so continued for a long space of time. The declaration is in three counts. Trespass, trespass *quare clausum*, and a count in case.

I. It is claimed that the entry into the plaintiff's private apartments did not support the action of trespass *quare clausum ;* but we think that her right to her private sleeping-room during the night under the circumstances of this case, was as ample and exclusive against the inmates of the house, as if the entry had been made into her private dwelling house through the outer door. Her right of quiet occupancy and privacy was absolute and exclusive ; and the entry by stealth in the night into such apartments without license or justifiable cause, was a trespass ; and, if with felonious intent, was a crime. *State* v. *Clark*, 42 Vt. 630.

II. The approach to her person in the manner her testimony tends to prove—sitting on the bed and bed-clothes that covered her person, and leaning over her with the proffer of criminal sexual intercourse ; so near as to excite the fear and apprehension of force in the execution of his felonious purpose, was an *assault*. The whole act and motive was unlawful, sinister and wicked. The act of stealing stealthily into the bed-room of a virtuous woman at midnight to seek gratification of criminal lust, is sufficiently dishonorable and base in purpose and in act ; but especially so, when the intended victim is a poor, blind girl under the protecting care of the very man who would violate every injunction of hospitality, that he might dishonor and ruin at his own hearthstone this unfortunate child, who had the right to appeal to

*him* to defend her from such outrage.  *Alexander* v. *Blodgett*, 44 Vt. 476.

III.  The court charged the jury that if the plaintiff was so frightened and shocked in her feelings as to injure her health by defendant's conduct, as described in her testimony, that she could receive damages for such injury.  The defendant's counsel asked the court to· charge, in substance, that if defendant's acts and conduct would not have injured a person of ordinary nerve and courage, then there can be no recovery.

When the acts of the party complained of are of themselves innocent and harmless, and may become wrongful by the *manner* in which they are done, then a man is to be judged by the common and ordinary effect of such acts.  But when a married man breaks into the bed-room of a chaste and honest woman at midnight, and proposes to her sexual and criminal commerce with her, the act is wholly wrongful ; the aim and purpose is wrongful, and the act if perpetrated is criminal ; and the party offending must answer in damages for all actual injuries.  And we think in this case, if all the facts claimed by the plaintiff in her testimony were found to be true, the plaintiff had a right to recover.  And the charge of the court as to exemplary damages, was sound.

The judgment of the County Court is affirmed.