## BRADY v. KREUGER *et al.*

1. A complaint alleging that plaintiff was the owner and seised in fee of certain premises; that, while such owner and seised and possessed of the premises, defendant unlawfully entered upon the second story thereof, and ousted and ejected plaintiff therefrom, and has ever since withheld possession from plaintiff, to his damage; concluding with demand for judgment for possession and damages—is sufficient as a complaint for the recovery of possession of real property.

2. A partner, being a tenant in common with his co-partner, may recover possession of the whole of the firm real estate, as against one holding the same without title.

3. Where there has been a motion to direct a verdict, the court is required, on appeal, to review the evidence, in order to determine whether, as a matter of law, the verdict was properly directed, or the motion denied; and in such case it is not necessary that the bill of exceptions should specify the particulars in which the evidence is insufficient.

4. Under Comp. Laws 1887, § 4034, providing that each member of a partnership may require the firm property to be applied to the discharge of its debts, and has a lien on the shares of the other partners for this purpose, a partner cannot, by obtaining possession of, and using as a residence, firm real estate, acquire a homestead right therein.

5. Where real estate has been occupied as a homestead by husband and wife, the wife, upon being divorced from her husband, retains no right to a homestead in the premises, in the absence of a decree to that effect.

(Opinion filed April 18, 1896.

Appeal from circuit court, Campbell county. Hon. LORING E. GAFFY, Judge.

Action to recover possession of certain real estate. Plaintiff had judgment, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*H. J. Kreuger, C. H. Barron* and *Albert Gunderson,* for appellants.

*John H. Perry (Horner & Stewart,* of counsel), for respondent.

Real estate belonging to a co-partnership is subject to the same rules as the personal property of such co-partnership. Betts v. Letcher, 1 S. D., 197, 46 N. W. 193. Defendant Nidrow has not pleaded that any homestead was assigned to her in the divorce proceedings; if she had a homestead in the property in controversy prior to the decree of divorce, it terminated with the decree, unless the decree assigned her the homestead. Rosholt v. Mehus, 57 N. W. 783.

CORSON, P. J. This was an action to recover the possession of real property, and damages for its detention. The action was originally commenced against Kreuger alone, but subsequently Minnie Nidrow (formerly Minnie Kipp) was made a party defendant by an amendment to the answer. Kreuger, in.

his answer, denies the ownership of the plaintiff, and alleges, in substance, that Minnie Kipp was at all times mentioned in the complaint in the lawful and peaceable possession of the second story of the building on said premises, by virtue of a homestead right thereto as the wife of John Kipp, and that defendant was in the possession of the same as her agent. The facts, as disclosed by the evidence, briefly stated, are as follows: John H. Kipp and Samuel O. Overby, prior to April 11, 1893, were partners in a general retail mercantile business, under the firm name of Kipp & Overby. The second story of the building in which this mercantile business was carried on was occupied by Kipp and family and said Overby as a residence. On the last-mentioned day, Overby conveyed his interest in the real and personal property of the partnership to plaintiff, Brady, and the business was continued under the firm name of Kipp & Brady until November, 1893, when Brady purchased Kipp's interest in the partnership. The lots and building thereon used as the store and dwelling house were partnership property. At the time Kipp sold his interest to Brady, Kipp and his family still occupied the said second story of the store building, but the deed to the real property was not signed by Mrs. Kipp. In December, 1893, a decree of divorce was granted dissolving the marriage between Mr. and Mrs. Kipp; but she continued to occupy the second story of the store until March, 1894, when she, desiring to visit friends in the east, requested Kreuger to occupy the rooms for her in her absence, and he was so occupying them when this action was commenced. At the close of all the evidence the court, on motion of plaintiff, directed a verdict in his favor, and from the judgment entered therein the defendants appeal.

At the commencement of the trial, counsel for the defendants objected to any evidence being given under the complaint upon the grounds (1) that the court had no jurisdiction; (2) because the complaint did not state facts sufficient to constitute a cause of action. This objection was overruled, and the de-

fendants duly excepted. This ruling was clearly correct, as the action is one to recover the possession of real property, and damages for withholding the same, and contains all the averments essential to a good complaint in such an action. The plaintiff alleges that on November 9, 1893, he was the owner, and was seised in fee, of the premises, describing them fully; that on March 1, 1894, and while the plaintiff was such owner and seised and possessed of the said premises, the defendants unlawfully entered upon the second story of said premises, and ousted and ejected the plaintiff therefrom, and ever since have withheld the possession of the same from the plaintiff, to his damage in the sum of $200. It alleges that the value of the rents and profits of said premises so unlawfully withheld from March 1, 1894, is $200, and plaintiff demands judgment for the possession, and $200 damages. The appellants contend that the action was one in forcible entry and detainer, of which the circuit court has not original jurisdiction, but only appellate jurisdiction. But in this contention the counsel are clearly in error. The complaint is sufficient as a complaint for the recovery of the possession of real property, but fails to allege several essential facts necessary to constitute an action for forcible entry and detainer. Payne v. Treadwell, 16 Cal. 246; § 6073, Comp. Laws.

At the close of the evidence on the part of the plaintiff, the defendants moved the court to direct a verdict for the defendants. This was denied, and exception taken; but as the defendants proceeded to introduce evidence on the part of the defense, and subsequently moved for a direction of a verdict at the close of all the evidence, this exception will not be further considered.

At the close of all the evidence the plaintiff and defendants moved for a direction of the verdict. The motion of the plaintiff will be considered first in order, as its disposition will determine the motion of the defendants. The counsel for the respondent raises a preliminary question, and that is that this

court cannot review the evidence, for the reason that the bill of exceptions does not contain any specification of the particulars in which the evidence is alleged to be insufficient to support the verdict. The respondent has filed an additional abstract, in which he asserts that the bill of exceptions contains no statement of the particulars in which the evidence is alleged to be insufficient, and as this is not denied by the appellants, it will be taken to be true. But the counsel is clearly in error in his contention. The statement or bill of exceptions is only required to specify the particulars in which the evidence is alleged to be insufficient to justify the verdict or other decision when one of the grounds of a motion for a new trial is the insufficiency of the evidence to justify the verdict or decision. Sec. 5090, Comp. Laws. A motion to direct a verdict presents a question of law, which requires the court to review the evidence in order to determine whether or not, as matter of law, the verdict was properly directed, or the motion denied.

It is contended by the appellants: First, that the husband and wife have a homestead interest in partnership real property, and that no conveyance of such homestead can be made by the husband alone. Second, that after a divorce the wife retains her interest in the homestead, and that, under the facts proven in this case, she was entitled to retain possession of the premises occupied by herself and husband at the time the divorce was granted. Third, that the conveyance made by Kipp of his half interest in the partnership property was absolutely void. All of these propositions are controverted by the respondent.

The real property in controversy being partnership property, no homestead rights therein could be acquired by Mr. and Mrs. Kipp, as against the co-partner. Sec. 4034, Comp. Laws, provides that "each member of a partnership may require its property to be applied to the discharge of its debts, and has a lien upon the shares of the other partners for this purpose and for the payment of the general balance, if any, due to him."

Real estate belonging to a co-partnership is subject to the same rules as the personal property of such co-partnership. Betts v. Letcher, 1 S. D. 197, 46 N. W, 193. In the case at bar the plaintiff, as part of the consideration for the sale to him by Kipp of his interest in the co-partnership property, agreed to pay the partnership debts and save Kipp harmless therefrom. To hold that a partner, by obtaining possession of, and using as a residence, partnership real estate, could acquire a homestead right therein, as against his co-partner, would lead to great injustice and wrong by one partner to his co-partner. We think both the spirit and policy of the law are clearly against such a claim. If Kipp could not have claimed this property as homestead property, as against the plaintiff, his wife would occupy no better position than her husband.

There is, however, another—and perhaps more satisfactory—ground upon which the ruling of the court can be sustained, and that is that the defendant Minnie Nidrow (formerly Minnie Kipp), having been divorced from her husband in the fall of 1893, ceased to have any right to the occupancy of the homestead property (admitting that there could have been such a right in co-partnership property) after she ceased to be the wife of Kipp, who had the legal title to the property at the time he transferred the same to the plaintiff. The only evidence of the divorce was the admission of Minnie Nidrow when on the witness stand as a witness. She stated that in December, 1893, there were divorce proceedings between her and her husband, and that a divorce was granted, and that her name was then Minnie Nidrow, but was formerly Minnie Kipp. This evidence was admitted without objection, and *prima facie* established the divorce; and as her evidence was not controverted or disputed, we must assume that a divorce was properly granted. Appellants contend that this court will presume, in the absence of evidence to the contrary, that the decree gave her the right to retain possession of the homestead. But this we cannot do. Courts will sometimes indulge in presumptions

.to support a judgment of a court, but never to reverse it. In the absence, therefore, of any proof as to the contents of the decree of divorce, we cannot presume it contained anything favorable to the defendants. The relation of husband and wife having terminated, the wife ceased to have any claim upon or right in the husband's property, whether homestead or otherwise, unless such rights were preserved by the decree of the court. If the decree of the court preserved her rights to the homestead, or conferred upon her any other privileges in, or interests in or to, the property of the husband, the burden was upon her to establish such rights by the decree, as she clearly would have no right to the possession of the homestead after a decree of divorce had been granted, unless saved by the decree. There being in this state no right of dower, or other absolute claim of the wife upon the property of the husband, except under the law of succession, as his widow, or under a homestead claim which exists in favor of a wife or widow, and which depends solely upon the fact that she is such wife or widow, she can only avail herself of these claims by showing that she occupies either one or the other of these relations named, to the husband, As the wife, upon a dissolution of the marriage, ceases to be the wife, and can never be the widow, of her divorced husband, her claims upon his property, necessarily, also cease and terminate upon the divorce. Rosholt v. Mehus (N. D.), 57 N. W. 783. It was undoubtedly for these reasons that the legislature of this state has conferred upon the courts in which a decree of divorce may be obtained such comprehensive powers for regulating and settling the rights of the wife in the property of the husband. Sections 2581–2585, Comp. Laws. The rights of the wife, therefore, in her husband's estate, after a divorce is granted, are regulated and determined exclusively by the provisions of the decree of divorce, unless there is some valid contract between the husband and wife. When a wife, after the divorce, seeks to assert any claim to any part of the husband's property

—homestead or otherwise—she must establish that right by the decree, or by a valid contract between herself and husband. In the case at bar the defendants failed to show any such right. Neither Mrs. Kipp nor Kreuger presented any valid defense to plaintiff's claim for the possession of the property, and hence the plaintiff was entitled to a verdict as matter of law.

Appellant's further contend that as the deed from Kipp to Brady was executed prior to the granting of the divorce, it was void, and plaintiff was not entitled to recover the possession of the premises from the defendants, as a plaintiff must recover, if at all, upon the strength of his own title. A conveyance of the homestead, not executed by both husband and wife, the statute declares, "shall be of no validity." Section 2451, Comp. Laws, amended by Chapters 76, 77, Laws 1891. Whether such a deed is absolutely void for all purposes, or only invalid as against the party having a homestead right, it is not necessary now to determine, as the plaintiff was the owner of an undivided one-half interest in the property by reason of his purchase from Overby, and was therefore at least a tenant in common with Kipp; and, as against one without title he could recover the possession of the whole property, as such tenant in common. Granting, therefore, that the deed from Kipp to him was void, the direction of a verdict was proper, as against parties showing no right to the possession of the property. Collier v. Corbett, 15 Cal. 183; Treat v. Reilly, 35 Cal. 129. Finding no error in the record, the judgment of the circuit court is affirmed.