Wallace Webster et al. v. Letitia M. McCarty et al.

Delivered April 20, 1897.

1. **Trespass to Try Title—Right of Part Owner to Full Recovery Against Trespasser.**

That plaintiff in trespass to try title owns only an undivided interest in the land will not abridge his right to a full recovery against a mere trespasser.

2. **Same—Pleading Common Source Not Necessary.**

That plaintiff in trespass to try title has not pleaded common source of title will not debar him from proving such common source.

3. **Same—Proof of Common Source.**

Where the proof offered by plaintiff in trespass to try title showed title in himself from one F., and a chain of title from the heirs of F. to the lessor of defendants sufficient to have invested him with the title had not F. already conveyed it, this was sufficient to show F. to be the common source.

Appeal from Mason. Tried below before Hon. W. M. Allison.

*Evander Light, Marshall Fulton,* and *Sidon Harris,* for appellants.— Plaintiff in trespass to try title need not prove title beyond the source from which defendant derives title, if he shows superior title thereunder; but the burden is upon plaintiff to clearly establish that defendant derives his claim of title to the land in controversy from the alleged common source, and until he does so defendant is not required to produce any title. Howard v. Masterson, 77 Texas, 41; Paschal v. Evans, 30 S. W. Rep., 923; Mason v. Keys, 44 Texas, 142, 143; Sebastian v. Martin-Brown Co., 75 Texas, 292; Rice v. Railway, 87 Texas, 94; Mitchell v. Mitchell, 80 Texas, 108; Hendricks v. Stone, 78 Texas, 358.

*A. W. Moursund,* for appellees.—1. Whether plaintiff owned all or a part of the land in controversy, she was entitled to judgment for all as against defendants, who were naked trespassers having no title, and not having pleaded limitation could not rely upon such defense as to any part of the land. Dawson v. Ward, 71 Texas, 72; Clapp v. England, 82 Texas, 290.

2. It is not necessary to plead common source. Article 5266, Revised Statutes, is only declaratory of the law as existing from time immemorial, and only directs how certain proof may be made, but has no reference whatever to rules of pleading. Rev. Stats., arts. 5250, 5266; Mason v. Keys, 44 Texas, 140; Stinnet v. House, 1 Posey's U. C., 484; Steagal v. Huff, 54 Texas, 198; Wardlaw v. Miller, 59 Texas, 395; Ney v. Mumme, 65 Texas, 268.

3. Common source exists where plaintiff and defendant both have title which, when traced back, has its inception from same person. Defendant will not be permitted to defeat the rule of common source by declaring that he does not claim under it. Dycus v. Hart, 2 Texas Civ. App., 354; Curtis v. Wilson, 2 Texas Civ. App., 648; Rice v. Railway, 87 Texas, 94; Burns v. Goff, 79 Texas, 236; Mitchell v. Mitchell, 80 Texas, 108.

JAMES, CHIEF JUSTICE.—The action is in the ordinary form of trespass to try title, whereby Letitia M. McCarty and husband sued Wallace Webster and R. F. Hoover to recover 320 acres in Mason County. The answer consisted of a general denial and plea of not guilty. Plaintiff recovered.

The following facts appear: Defendants were in possession of the land as tenants of Sidon Harris. As early as 1887, Harris, in connection with Leigh Burleson, had contracts with some of the heirs of Henry F. Fisher to recover lands in Texas. In that year he ascertained from a conversation with Charles Bierschwale that the Lange survey in question was without known owner, and he set about to find the owner, and discovered that Lange and his wife had died in Harris County, and that their heirs lived in Germany. He testifies that he then concluded to exercise the prevailing custom of placing some one on the land, claiming it himself and getting a title by limitation, and about 1888 placed some one on the land, and has thus held it ever since. Bierschwale testified that in that conversation Harris stated he was representing the Fisher heirs, and exhibited to him a power of attorney from such heirs. Harris denied this.

No deed was produced from Lange, the original grantee, to any one. There was evidence of a deed to the land from C. A. Priester to Henry F. Fisher, dated in 1855; also of a deed from Fisher to Josephus M. Steiner. There was proof that J. M. Steiner died intestate, leaving a wife and three children, and that in 1888 the wife and two of the children, through attorney in fact, quitclaimed to plaintiff Mrs. McCarty this land. It was also shown that Henry F. Fisher and wife died prior to 1879, and that their heirs were Henry F. Fisher, Jr., Carrie Chew, Mary McKeen, and Amelia Withrow, from all of whom Sidon Harris had conveyances that would include any title Henry F. Fisher had in this land. Harris's deed for the interest of Henry F. Fisher, Jr., was made in October, 1889; that concerning Mrs. McKeen's interest in 1889, and Mrs. Withrow's in 1891, the last named deed mentioning the tract in question. The other deeds were general, with immaterial exceptions.

There was evidence touching a lost deed from Steiner to Oldham, the ancestor of Mrs. McCarty, which, in view of the fact of the quitclaim from heirs of Steiner to her, we regard immaterial. Also, in view of said quitclaim, we consider immaterial to this case the questions relating to a partition among the heirs of Oldham, dated in 1875.

*Opinion.*—The conclusions of the district judge have been duly filed as a part of the record, by leave of this court. The conclusion of law by which he disposed of the case is: "While plaintiffs have not established their title from the sovereignty of the soil down to themselves to the land in controversy, yet, under the evidence adduced, both plaintiffs and defendants hold and claim title under Henry F. Fisher, deceased, as common source, and that plaintiffs, having the superior title under such

source, are entitled to recover," etc. While we do not hesitate to say that the evidence seems to point to no other result, yet it is proper to discuss some of the assignments presented by appellant.

In respect to the sixth assignment, we conclude, as already stated, that the quitclaim makes immaterial the matter of a previous partition among the heirs of Oldham. The fact that the quitclaim from Steiner's heirs was not executed by one of them, does not defeat plaintiff's right to recover. Plaintiff, as against a trespasser, may recover upon her ownership of an undivided interest in the land. The statute of limitations was not pleaded or proved so as to possibly avail defendants as against an outstanding tenant in common of plaintiff.

By the third and fourth assignments, it is urged that the court erred in admitting testimony concerning heirship under Henry F. Fisher, and of the transfers from and under such heirs to Harris, for the reason that plaintiff had not pleaded that they or defendants claimed the land through a common source, alleging such source to have been Henry F. Fisher. No authorities are cited in support of this proposition. Title may be proved by common source as well as in any other manner, in actions of this character, without pleading the nature thereof. Keys v. Mason, 44 Texas, 142.

There is nothing in the eleventh assignment that requires notice.

The remaining assignment is, that the court erred in concluding that the parties hold and claim title under Henry F. Fisher, deceased, as the common source. The proposition advanced is, that a plaintiff in this species of action need not prove title beyond the source from which the defendant derives title, if he shows superior title thereunder, but the burden is upon plaintiff to clearly establish that defendant derives his claim to the land from the alleged common source, and until he does so, defendant is not required to produce any title. In this case plaintiff exhibited title derived by her from Henry F. Fisher, and also a chain of title from the heirs of Fisher to the lessor of defendants, which was sufficient to invest him with title had Fisher been the owner and had not previously conveyed the land. This sufficiently showed Fisher as the common source, and plaintiff's title being superior in date, she was entitled to recover the land, in the absence of evidence that the common grantor had no title. The patent to Lange, without any conveyance appearing from Lange, does not prove that Fisher had not acquired title. Rice v. Railway, 87 Texas, 93. Naked possession of the land could not prevail against title thus proved by means of a common source, much less could the assertion by defendant's lessor that he claimed the land by a right of his possession only, and not through the transfers he held under the common source.

The judgment is affirmed.

*Affirmed.*

Writ of error denied.