## MATHER V. DUNN *et al.*

1. A tenant in common is entitled to recover possession of the entire premises, as against a stranger not claiming as a co-tenant, though the other co-tenants are not parties to the action.

2. Tenants in common are not "united in interest," within Comp. Law, § 4879, requiring all such persons to join in an action.

3. Comp Laws, § 4909, makes a defect of parties a ground of demurrer. Section 4912 provides that. if the grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer. Section 4913 provides that, "if no such objection be taken by demurrer or answer, defendant shall be deemed to have waived the same, excepting only the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action." *Held*, that the question of a defect of parties plaintiff cannot be first raised on a motion for a new trial.

(Opinion filed October 18, 1898.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action, by Charles W. Mather against Aaron Dunn, to recover possession of a mining claim, and another. There was a judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Edwin VanCise* and *Granville G. Bennett*, for appellant.

One tenant in common may bring and maintain a suit in ejectment against a stranger without joining his co-tenant. Hardy v. Johnson, 1 Wall. 371; Stark v. Banett, 15 Cal. 361; Winthrop's Lesse v. Grimes, Wright, (Ohio) 330; Hibbard v. Foster, 24 Vt. 542; Allen v. Gibson, 4 Rand 468; Truehart v. McMichael, 46 Tex.' 222, Chipman v. Hastings, 50 Cal. 310; Logan v. Goodall, 92 Ga. 95; French v. Edwards, 5 Saw. (C. C.) 266; Robinson v. Roberts, 31 Conn. 145; Cruger v. McClaughery, 51 Barb. 642; Dolph v. Barney, 5 Ore. 191; Sharon v. Davidson, 4 Nev. 416.

The defendants did not raise the objection of non-joinder either by answer, motion for non-suit or instruction, and not until after judgment on motion for a new trial. This was a waiver of the objection. Wait's Annotated Code, p. 240; 17 Am. & En. En. of Law 612; Beard v. Knox, 5 Cal. 262; Tissot v. Throckmorton, 6 Cal. 472; Dunne v. Tazer, 10 Cal. 167; Collins, v. Lightle, 50 Ark. 97; Abbe v. Clark, 31 Barb. 238; Coleman v. Clements, 23 Cal. 245; Baldwin v. I. St. Cable R. Co. 77 Cal. 390; Parisich v. Bean, 48 Cal. 364; Holey v. Black *et al.*, 25 N. Y. 438; Zabriskie *et al.* v. Smith, 13 N. Y. 337; Wedel v. Hermon *et al.*, 59 Cal. 507; Samainego v. Stiles, 20 Pac. Rep. 607; Giliam v. Sigman, 29 Cal. 637; Hastings v. Stack, 36 Cal. 122;

Warnack v. McAhven, 9 Ind. 6; Jones v. Ahrens, 19 N. E. Rep. 334; Coulson v. Wing, 22 Pac. 570;; U. P. R. R. Co. v. Kindred, 23 Pac. 112; McRoberts v. Sou. Minn. R. Co. 18 Minn. 108; Benne v. Schnacko, 100 Mo. 250; Petree v. Lansing, 66 Barb. 357; Persch v. Simmons, 3 N. Y. Suppl. 783; Decker v. Decker, 108 N. Y. 128.

A plaintiff in ejecment is entitled to a verdict for only such interest as he proves title to, and a failure to demur or plead in abatement does not waive the defense. A verdict awarding a party the whole title where he has proven himself to be the owner of but a part should be set aside and a new trial awarded. Martin v. Noe, 25 N. E. 813; Nye v. Lovitt, 24 S. E. 346; Dawson v. Mills, 32 Pa. St. 302; Dewey v. Brown, 2 Pick. 387; Matis v. Boggs, 28 N. W. 325; DeMill v. Moffit, 13 N. W. 387; Cruger v. McLaury, 41 N. Y. 219; Gatton v. Tolley, 22 Kan. 472; Buttrick v. Tilton, 6 N. E. 563; Chandler v. Simmons, 97 Mass. 508; Keefe v. Dorland, 39 Pac. 916; Kirk v. Bowling, 29 N. W. 928; Reiley v. Blaser, 18 N. W. 151; Martin *et al.* v. Neal *et al.*, 25 N. E. 813; Eckerson v. Haverstraw, 39 N. Y. Suppl. 635.

*Rice & Polley,* for respondents.

CORSON, P. J.   This was an action to recover the possession of a mining claim known as the "Alta Villa Lode." The defendants claimed title to the same mining ground by virtue of a location made under the name of the "Lilly. B. Lode." Verdict and judgment were in favor of plaintiff. On the trial the plaintiff failed to establish his ownership to one-fourth of the Alta Villa lode, but no question was raised as to this failure prior to the verdict. After the verdict the defend-

ants moved for a new trial, upon the ground, among others, that plaintiff had failed to prove a title to the whole of the Alta Villa claim. The motion was granted "on the ground stated in said motion, to the effect that the evidence disclosed the fact that plaintiff was not the sole owner of the Alta Villa lode, but only of three-fourths thereof, and that there was a defect of parties plaintiff in said action, that was not waived by defendants' failure to plead the same in their answer. As to all the other grounds set out in said motion, the same were not relied upon, and not passed upon." From this order the plaintiff has appealed.

As will be seen from an inspection of the order, a question of law only is presented for our determination, and that is did the court err in granting a new trial upon the ground stated? The verdict of the jury was in favor of plaintiff on all the issues, but they found no damages. Was the plaintiff entitled to a judgment, as against defendants, for the possession of the whole of the Alta Villa lode, notwithstanding he failed to prove a legal title to the entire claim? The contention of the defendants is that he is not, and such was evidently the view of the learned trial court. In this we are of the opinion that the trial court was in error The plaintiff, in establishing title to three-fourths of the claim, had the right to the possession of the whole of the claim, as againts all persons except his co-tenant, owning the one fourth interest. Neither of the defendants claimed to be a co-tenant with plaintiff in the Alta Villa lode. The defendants claimed the ground under a separate and distinct location of the Lilly B. lode, and hence the issue was raised by the pleadings as to the priority and validity of these two locations. We must assume, from the verdict of the jury, that

they found the Alta Villa claim a valid prior location. The plaintiff, therefore, as a co-owner, was entitled to its possession, as against strangers to that title. Such was the rule at common law. Hibbard v. Foster, 24 Vt. 542. And such we understand to be the rule under the Code. Hardy v. Johnson, 1 Wall. 371; Brady v. Kreuger, 8 S. D. 464, 66 N. W. 1083, Collier v. Corbett, 15 Cal. 183; Mahoney v. Van Winkle, 21 Cal. 552; Treat v. Reilly, 35 Cal 129; Morenhaut v. Wilson, 52 Cal. 263; Weese v. Barker, 7 Colo. 178, 2 Pac. 919; Webster v. McCarty (Tex. Civ. App.) 40 S. W. 823; Dolph v. Barney, 5 Or. 191; Sharon v. Davidson, 4 Nev. 416. In Stark v. Barrett, 15 Cal. 362, Mr. JUSTICE FIELD, speaking for the supreme court of California, says: "He was not seised in fee of the premises, as alleged in the complaint, but of the undivided half, which entitled him to the possession of the entire premises, as against all parties but the original co-tenant and his grantees, and as a consequence to a recovery in the present action. Under the allegation of seisin in the complaint, it was sufficient for the plaintiff to establish any interest in the premises which gave him right of possession." It is contended by respondents that section 384 of the Code of Civil Procedure of California, which provides that tenants in common may jointly or severally sue, has had a controlling influence upon the California decisions. But we do no so understand them. It will be noticed that the section does not make any provision as to what may be recovered in such an action. Section 5453 of our Compiled Laws contains somewhat similar provisions. The right of one tenant, in common to recover the possession of the entire property, as against one who has no title, is based upon the fact that such tenant in common is entitled to the possession of the property as against all parties except his co-tenant.

The learned counsel for the respondents call our attention to § 4879, Comp. Laws, and insist that that section requires all co-tenants to be made parties in actions to recover the property. But counsel overlook the fact that tenants in common are not united in interest, and that their interests are several. 4 Kent. Comm. p. 469. But the possession of one is the possion of all. *Id.* p. 470. But, had we any doubt upon the foregoing question discussed, we are clearly of the opinion that the defendants waived their right to raise this question by a failure either to demur, set up the defect of parties plaintiff in their answer, or ask for an instruction upon the question before the case was submitted to the jury. It was too late to raise the question on a motion for a new trial. Comp. Laws, § 4913. See Wait's Ann. Code, § 148, and cases sited; also, 17 Am. and Eng. Enc. Law, 240, and cases cited. The order of the court granting a new trial was erroneous, and the same is reversed.