the jury that if the defendant was compelled to pay the install-
ment sued for here, he would not necessarily lose the amount
so paid, but could recover it in a suit against his brother.    This
was very clearly entirely outside of the issue which the jury
were to try, which was, whether the defendant had assumed
and promised to pay the installment called for on the stock
held by him ; and the court committed no error in refusing
to give the jury any instructions upon the point.

A new trial is not advised.

In this opinion the other judges concurred.

---

### HENRY T. ROBINSON *vs.* RICHARD S. ROBERTS.

One tenant in common can maintain ejectment alone.

And it makes no difference that the plaintiff sues as a surviving partner for the
possession of land owned by the firm as partnership property.

WRIT OF ERROR, to reverse a judgment in ejectment against
the plaintiff in error.    The original suit was brought by the
defendant in error as surviving partner of the firm of Eastman
and Roberts, the demanded premises having been owned by
the firm as partnership property.

*Todd,* for the plaintiff in error.

The suit can not be maintained by the surviving partner
alone.    The title upon the death of Eastman did not vest in
law in Roberts as survivor, but in him and in the heirs of
Eastman.    [DUTTON, J. Can not one tenant in common bring
ejectment alone ?]    [HINMAN, C. J. What has your client to
do with it ?    He has no title.    The plaintiff has a title.    How

can your client object to his recovery, whether he sues alone or with others ?] The plaintiff must recover on his own title and in a suit properly brought. Our want of title will not aid him. We contend that the case differs from an ordinary one of a suit by one tenant in common, because the property here was partnership property, and the interest was therefore an entirety. Story on Part., §§ 3, 89, 90. 1 Chitty Pl., 12, and note 2. [HINMAN,. C. J. It seems to me you have no case, Mr. Todd.] I believe I have presented what there is of our case. [DUTTON, J. I think you have said all that can be said about it.]

Averill, for the defendant in error, was stopped by the court.

Judgment affirmed.

---◂◂●▸▸--

# SUPREME COURT OF ERRORS.

## LITCHFIELD COUNTY, OCTOBER TERM, 1862.

### Present,

HINMAN, C. J., SANFORD, BUTLER AND DUTTON, Js.

---

## NATHANIEL B. STEVENS vs. THE HURLBUT BANK.

A creditor having personal property pledged to him as security for his debt can not sell the same until he has called on the debtor to redeem; and he must also give the debtor notice of the time and place of sale.