## HART v. ROBERTSON.

REAL estate conveyed to the wife during coverture by way of gift is her separate property, and she can maintain ejectment for its recovery after her husband's death without reference to any administration upon his estate.

One tenant in common is entitled to the possession of the entire tract held in common against all persons but his cotenants and parties claiming under them, and as a consequence can maintain against them an action for its recovery.

*Touchard* v. *Crow* (20 Cal. 162) affirmed on this point.

Real property conveyed to the wife during coverture by deed of bargain and sale for a valuable consideration, becomes thereby the community property of herself and husband, and upon his death she succeeds as his survivor to an undivided half interest therein as tenant in common with the heirs to whom the other half interest descends, and may as such, where no administrator of the husband's estate has been appointed, maintain ejectment for the entire premises against a mere intruder.

*Meeks* v. *Hahn* (20 Cal. 620) commented upon and distinguished from the case at bar.

APPEAL from the Twelfth Judicial District.

Ejectment to recover certain lands in San Francisco. The plaintiff's title is derived from one Murphy, who was shown to have been in possession of the premises in 1853. July 8th, 1853, Murphy deeded a portion of the land to one Murray, and Oct. 13th, of the same year, the other portion to one Tyler. ' August 8th, 1853, Murray conveyed to J. D. Stevenson, who on the fifteenth of the same month conveyed to plaintiff, Mary Hart, and Tyler also conveyed to plaintiff, October 24th, 1853. At the time of these conveyances to her the plaintiff was a married woman, her husband living with her in San Francisco. In the deed from Stevenson to plaintiff the motive was stated to be " in consideration of the regard and esteem which he, the said party of the first part, has and bears unto the said party of the second part, and for the furtherance of her well-being and comfort, and also for and in consideration of the sum of five dollars to him in hand paid," etc. Stevenson testified that he was the son-in-law of plaintiff, and also (under the objection of defendant) that the conveyance was a gift, no consideration having actually been paid.

In the deed from Tyler to plaintiff the consideration was stated to be " the sum of one dollar paid to me by Mrs. Mary Hart, the

receipt whereof I hereby acknowledge, and in consideration of the respect which I have unto the said Mary Hart." Stevenson also testified (under the objections of defendant) that this deed from Tyler was in fact a gift, and that no consideration was paid. Mr. Hart, the husband of plaintiff, died intestate in San Francisco, in 1859, and it was not shown whether any administrator of his estate had ever been appointed, or whether there were any debts requiring an administration.

The plaintiff had judgment in the Court below, and defendant appeals, assigning as error that plaintiff by her deeds acquired no title upon which she can maintain ejectment.

*James McCabe,* for Appellant.

I.   The deeds to Mrs. Hart, offered in evidence, are not deeds of gift, but are deeds of bargain and sale ; and as she was then the wife of William Hart, all interest thereby conveyed instantly became the common property of the two. (See Act defining the Rights of Husband and Wife, passed April 17th, 1850 ; *Jackson* v. *Delancy,* 4 Cow. 427 ; *Jackson* v. *Caldwell,* 1 Id. 622 ; *Jackson* v. *Sebring,* 16 Johns. 515 ; *Cheney* v. *Watkins,* 1 Harris. & J. 527 ; *Perry* v. *Price,* 1 Miss. 553.)

II.   Parol evidence is inadmissible to prove that a deed which sets out a money consideration was not given for one. (*Hurn* v. *Soper,* 6 Harris. & J. 276 ; *Toulmin* v. *Austin,* 5 Stewart & P. 410 ; *Jackson* v. *McClasney,* 7 Cow. 360 ; *Church* v. *Church,* 4 Yeates, 280 ; 7 Johns. 341 ; 11 Cowen, 332 ; 1 Bay, 247 ; 12 Johns. 77, 427 ; 4 Day, 395.) It follows, then, that the evidence of Stevenson, showing that no money was paid for those deeds which recite upon their face a money consideration, was nugatory, and those deeds, notwithstanding this attempted attack, yet stand as deeds of bargain and sale and not as deeds of gift, and therefore the interest conveyed (if any) was " common property."

III.   The property being common property, it goes to the executor, or administrator, of William Hart, deceased, for the payment of debts, etc., and no action at law or otherwise can be maintained therefor by an heir at law, or devisee, until probate is so far completed that an order of distribution be made by the Probate Court,

and the record does not show any such order. This is fatal. (See same section, and *Meeks* v. *Hahn*, 20 Cal. 620.)

*E. Cook*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action to recover the possession of certain real property situated within the city of San Francisco. The plaintiff is the widow of William Hart, late of said city, and claims the premises under two deeds executed to her during her coverture. If those deeds conveyed the premises by way of gift, she took them as her separate property, and is entitled to maintain the present action without reference to any administration upon her husband's estate. If, on the other hand, the instruments were deeds of bargain and sale, as contended by the appellant, the property belonged to the community existing between herself and husband, and upon his death she succeeded, as his survivor, to one undivided half interest therein, the remaining interest descending to his heirs. As tenant in common with the heirs, she could maintain the present action for the possession of the entire premises against the defendant, who is a mere intruder thereon. One tenant in common is entitled to the possession of the entire tract held in common, against all persons but his cotenants and parties claiming under them, and, as a consequence, can maintain against them an action for its recovery. (*Stark* v. *Barrett*, 15 Cal. 371; *Touchard* v. *Crow*, 20 Id. 162.) It does not appear that any administrator was ever appointed upon the estate of William Hart, deceased, or that there were any debts against him which required the appointment of one for their settlement. The right to the possession, therefore, accompanied the title, which vested in the widow and heirs. In *Meeks* v. *Hahn* (20 Cal. 620) an administrator had been appointed, and in such case we held that the right to the possession of the real property, of which the intestate died seized, remained exclusively with the administrator until the estate had been settled, or the property had been distributed to the heirs by the decree of the Probate Court.

Judgment affirmed.