MILES SHERIN, an Infant, by his Guardian, *vs.* CARL LARSON and Wife.

December 23, 1881.

**Ejectment—Possession by Ancestor under Color of Title.—**In an action of ejectment, proof of the possession of the ancestor, under color of title, at the time of his death, is sufficient to establish the right to the title and possession by the heir as against parties in possession without any claim of right.

**Same—Action for Undivided Interest.—**In an action for an undivided interest, the burden is on the defendant to allege and prove that he is a tenant in common with the plaintiff, before he can put the plaintiff to proof of denial of his right or acts amounting to an ouster.

**Same—Rights of Tenant in Common against Stranger.—**A tenant in common is, as against every person but his cotenants, entitled to the possession of the entire tract held in common, and may maintain ejectment therefor against a stranger to the common title.

Appeal by defendants from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*Ueland & Shores,* for appellant.

*B. W. Smith,* for respondent.

CLARK, J. This is an action of ejectment, to recover the undivided one-fourth part of a tract of land in Minneapolis. The defendants, who are husband and wife, rest their defence upon a denial upon information and belief of title and right of possession in the plaintiff. They assert no claim of right to the title or the possession in themselves. The plaintiff, to prove the issue, introduced in evidence a warranty deed of the entire tract of land from Gilbert Johnson to Miles Sherin, dated March 21, 1864, and proved that the grantee was the father of the plaintiff; that he died 11 years before the trial, and that at the time of his death he lived on the premises. The plaintiff also introduced a certified copy of the decree of distribution of the probate court of Hennepin county, dated July 15, 1880, assigning an undivided one-fourth part of the premises in question to Miles Sherin, subject to a dower interest in Bridget Sherin. This decree was objected to by the defendants on the ground that the preliminary proceedings in the probate court, upon which it was based, were not produced, and the defendants took an exception to the ruling of the court admitting it. The decree is not set out in the bill of exceptions, and the record shows no more of its contents than above stated. The plaintiff introduced no other evidence, except to the fact that defendants were in possession of the premises, which was denied in the answer as to one of them. The defendants introduced no testimony, but offered to show, by the records of the probate court and the judge of probate, who was present, that the probate court had no jurisdiction to make the decree of distribution, which offer was overruled on the objection of the plaintiff, and the defendant excepted. The court instructed the jury to return a verdict for the plaintiff, to which instruction the defendants excepted.

Without determining the correctness of the rulings with respect to the decree of the probate court, we are of opinion that the case was correctly disposed of. The evidence introduced by the plaintiff tended fairly to show that the plaintiff's ancestor was in possession of the

entire tract, under color of title, at the time of his death, and there was no testimony whatever on the part of the defendants to rebut it or control its force. Such proof of title is sufficient as against a party who asserts no right in the premises. Tyler on Ejectment, 72; *Burt* v. *Panjaud*, 99 U. S. 180. The presumption is that Miles Sherin, the father, died intestate, and the title thus proved in him at the time of his death was cast by descent upon the plaintiff and his co-heirs, if any, as tenants in common.

It is insisted that the defendants may be tenants in common with the plaintiff of the premises, for all that appears, the plaintiff demanding only an undivided one-fourth part of the premises, and that in such case the plaintiff could not recover without showing a denial of his right, or acts amounting to an ouster. But that is matter of defence. At the common law, if the defendant desired to put the plaintiff to the proof of actual ouster, he was required to enter into a special consent rule, setting up his right as tenant in common, admitting the lessor's title as to the undivided part, and leaving the question of ouster to be litigated at the trial. The same principle is applicable under our system of practice. The objection arises upon substantive matter which is inconsistent with a denial of the plaintiff's title. Before the defendants can put the plaintiff to the proof of ouster, they must allege and prove that they themselves are tenants in common with him, or are in possession under some person holding that relation to him. *Gillett* v. *Stanley*, 1 Hill, 121; *Sharp* v. *Ingraham*, 4 Hill, 116; *Brown* v. *Combs*, 29 N. J. Law, 36; Tyler on Ejectment, 200.

If it be objected that it does not appear whether the plaintiff was the sole heir to the property, and consequently the extent of his interest is left in doubt upon the proofs, the answer is that the defendants, who set up no claim of right whatever, are not in a position to avail themselves of that objection. A tenant in common is, as against every person but his cotenants, entitled to the possession of the entire tract held in common, and may maintain ejectment therefor against a stranger to the common title. *Hart* v. *Robertson*, 21 Cal. 346; *Robinson* v. *Roberts*, 31 Conn. 145; *Hibbard* v. *Foster*, 24 Vt. 542. That the plaintiff showed upon the trial that he was entitled to recover the

whole property, is no objection to a judgment for the undivided fourth which he sued for. It is unnecessary to consider whether the decree of distribution was admissible, or was subject to impeachment, as claimed by the defendants, for the reason that the plaintiff was entitled to a verdict without it.

Order affirmed.