DAVID J. HENNESSY *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAIL-
WAY COMPANY.

December 15, 1882.

**Ejectment for Undivided Interest—Complaint held Sufficient.**—Action
of ejectment for possession of an undivided interest in a tract of land.
*Held,* that it was not necessary to allege in the complaint that the de-
fendant had not, since its entry upon the premises, acquired the right to
the possession by condemnation for the purposes of its road. This would
be a matter of defence to be set up by answer. Neither was it necessary
to allege that the defendant was not the owner of the other undivided in-
terest, or in possession under such owner. This would also be a matter
of defence, even if the complaint did not allege facts which would amount
to an ouster of a tenant in common by his co-tenant.

Defendant appeals from an order of the district court for Ramsey
county, *Brill,* J., presiding, overruling its demurrer to the complaint.

*R. B. Galusha* and *J. Kling,* for appellant.

*H. J. Horn,* for respondent.

MITCHELL, J.   This is an action of ejectment, and the question to
be considered is the sufficiency of the complaint.   The allegations of
the complaint here material are that the plaintiff is, and was at the
time of the wrongful entry by defendant complained of, the owner of
the undivided two-thirds of a tract of land, and, in common with the
owner of the other third, entitled to the possession of said land; that
in the year 1880, defendant unlawfully and wrongfully, *and without
any estate, right, title, or interest in said land, or any part thereof,* en-
tered upon plaintiff's said land *and excluded him from it,* and *took ex-
clusive possession of it;* that before the commencement of this action,
plaintiff demanded possession of his land, but defendant continued
in the wrongful and *exclusive* possession of it, and wrongfully and
unlawfully detains it from him, and refuses to give him possession.

We fail to see why this is not a good pleading.   Only two de-
fects are suggested.   One is that it does not allege that the de-
fendant has not, since its entry in 1880, acquired the right to
the possession, by condemnation of the premises for the purposes of

its road. The answer to this is that if any such right has been acquired, it would be purely a matter of defence. *Gray* v. *First Div. St. Paul & Pac. R. Co.*, 13 Minn. 289, (315.)

The second defect suggested is, in substance, that as plaintiff is the owner of only an undivided interest, he should have alleged that defendant was neither the owner of the other undivided interest, nor held under such owner. To this there are two sufficient answers: *First,* this also is a matter of defence. *Sherin* v. *Larson*, 28 Minn. 523. *Second,* even if it affirmatively appeared that defendant was the owner of the undivided third of the land, yet the complaint alleges facts amounting to an ouster of plaintiff by defendant, and therefore the complaint would be good, even in an action by one tenant in common against his co-tenant.

Order affirmed.