JUNE TERM, 1884.          149

Close et al. v. The Burlington, Cedar Rapids & Northern R'y Co. et al.

CLOSE ET AL. v. THE BURLINGTON, CEDAR RAPIDS & NORTH-
ERN R'Y CO. ET AL.

1. **Conveyance:** CONDITION SUBSEQUENT: REMEDY OF GRANTOR: COVE-
NANT BY GRANTEE: FACTS NOT CONSTITUTING. If it be admitted that
a deed may contain a covenant on the part of the grantee, of such a
character as to create a personal obligation, even though not signed by
him, yet, where the consideration recited in a deed to a railway com-
pany was the sum of one dollar, "and the permanent location of a depot
on the grounds conveyed," *held* that if these words created a condition
it was a condition subsequent, and that they did not constitute a promis-
sory undertaking on the part of the grantee, and that, for a failure of
the company, or its grantee, to maintain a depot on the ground, the
grantor was entitled only to a forfeiture of the estate, and not to a decree
for specific performance, nor to a judgment for damages.

2. ———: RECITAL OF PRIOR CONTRACT: MERGER IN DEED. Where a
deed recited that it was made "as per agreement" of a certain date, this
reference was not sufficient to import the terms of the agreement into
the deed, but rather signified that the deed was a satisfaction of the
agreement; and a subsequent grantee cannot be bound by anything con-
tained in the agreement, but not expressed in the deed.

3. ———: COLLATERAL AGREEMENT: DOES NOT RUN WITH LAND. Where
there is an agreement between the vendor and vendee, not expressed in
the deed, as to the use to be made of the land conveyed, such agree-
ment cannot be enforced against a subsequent grantee.

4. ———: PROMISSORY NOTES: BREACH OF CONDITION SUBSEQUENT:
RIGHTS OF GRANTORS AND MAKERS. Where land was conveyed and
notes were executed to a railway company, in consideration of the per-
manent location of a depot upon the conveyed land, and the company
conveyed the land and transferred the notes to another company, which
failed to maintain the depot upon the land, *held* that the grantors
and makers were entitled to have the notes delivered up, and to a for-
mal release of the land conveyed.

*Appeal from Black Hawk District Court.*

WEDNESDAY, JUNE 11.

ACTION in equity for specific performance, and for other
relief, and for general relief. The court refused to decree a
specific performance, but allowed the plaintiffs certain dam-

ages, and rendered judgment therefor against both defendants, The Burlington, Cedar Rapids & Northern R'y Co., and The Burlington, Cedar Rapids & Minn. R'y Co. The B., C. R. & N. R'y Co. appeals.

*S. K. Tracy*, for appellant.

*Horace Boies*, for appellees.

ADAMS, J.—The plaintiffs, Cicero Close and Jeremiah Gay, are the owners of certain land in Black Hawk county, which land is crossed by the railroad now owned and operated by the defendant, The B., C. R. & N. R'y Co., but formerly by the defendant, The B., C. R. & M. R'y Co. Soon after the construction of the road, the plaintiffs became desirous of securing the location of a depot on or near their land. With this view, they entered into negotiations with the original company, then owning and operating the road. They had already conveyed a right of way, and in regard to that no question appears to have been raised. The company needed other ground for a depot, and the plaintiffs, for the purpose of securing its location at such place as they desired, offered the company certain inducements. They gave the company $350 in money, and conveyed to it for depot grounds a strip of land one hundred feet wide and sixteen hundred feet long. They also platted certain ground near the depot grounds, and agreed to convey to the company six blocks of lots; but afterwards this contract was changed; the plaintiffs were released from conveying the lots, and each gave his promissory note to the company for $200. The depot building was erected at the place desired, and was used for several years, and until it was destroyed by fire. No new one was erected in its place. In 1876 the road was sold to the defendant, The Burlington, Cedar Rapids & Northern R'y Co. This company took possession, and determined to rebuild a depot where the old one stood, but did not carry out its intention. It became dissatisfied with the location. The public roads which had been

established did not, in the judgment of the company, render the place sufficiently accessible. The roads were such that it was thought that a point two miles further north was more suitable for a station. The company, accordingly, erected a depot building at that place, and took up its side track at the original place, and abandoned it entirely. The plaintiffs then brought this action, praying that the defendant, The B., C. R. & N. R'y Co., be decreed to construct and maintain a depot on the grounds conveyed by them to the original company, and they pray also for damages. They introduced evidence tending to show that they owned a large tract of land near the original station, and that that land was of less value than it would have been if the depot had been maintained there; and they claimed that, if they were not entitled to a decree for rebuilding and maintenance of a depot at the original place, they were entitled to a decree for damages, to be measured by the depreciation of the value of their land. The court held that they were entitled to recover for the depreciation of the value of the land embraced within the plat; estimated at $250, also the $350 paid, and interest thereon, and the value of the strip of land conveyed to the original company for depot grounds, amounting in all to $998.25. For this amount the court rendered judgment against both companies. As The Burlington, Cedar Rapids & Minn. R'y Co. does not appeal, we have no occasion to inquire in respect to its liability, except so far as may be necessary in determining the question of the liability of the company which does appeal, the Burlington, Cedar Rapids & Northern R'y Co.

The alleged liability of the latter is predicated by the plaintiffs upon several grounds. The one principally relied upon, as we understand, is the fact that the appellant has become the owner of the so-called depot grounds conveyed by the plaintiffs to the original company. The appellant denies that it has become the owner, but we are inclined to think that it has, and shall proceed upon this assumption. If it is the owner, it derived its title through the deed made by the

plaintiffs to the original company. The plaintiffs' theory is that under that deed the original company became obliged to maintain permanently a depot upon that ground, and that the appellant, which derives its title from the original company, succeeded to the obligations of that company in respect to the permanent maintenance of a depot.

It is not to be denied, probably, that a deed may contain a covenant on the part of the grantee, and be of such a char- acter as to create a personal obligation, even though not signed by the grantee. Whether in case of a sale by such grantee the purchaser would become personally liable by reason simply of such covenant, we need not determine. We have been unable to satisfy ourselves that the deed in ques- tion contained any covenant which created a personal obliga- tion on the part of the original company. The deed, to be sure, recites that it is made "in consideration of the sum of one dollar, and the permanent location of a depot on grounds conveyed to them, in hand paid," etc.; but we do not think that this is sufficient to justify us in holding that the deed shows a promissory undertaking on the part of the grantee. A deed purporting to be made in consideration of the sup- port to be furnished the grantor has been held insufficient to show a promissory undertaking on the part of the grantee. *Jackson v. Florence*, 16 Johns., 47. It was held in that case that the grantee had taken the estate upon a condition subse- quent, and that, if the condition had been broken, the grantor was limited to the right to declare a forfeiture. So in *Palmer v. Plank-Road Co.*, 11 N. Y., 389, it was said that "it is clear that there may be a condition without a condition, and that, where the language imports a condition merely, and there are no words importing an agreement, it cannot be en- forced as a covenant, but the only remedy is through a for- feiture of the estate." It is further said: "It by no means follows, because a grantee consents to take an estate subject to a condition, that he also consents to obligate himself per-

*Marginal headnote:* 1. CONVEY- ANCE: condi- tion subse- quent: rem- edy of grant- or: covenant by grantee: facts not con- stituting.

sonally for the performance of the condition. Many cases might be imagined in which one would be willing to risk the forfeiture of the estate, while he would be altogether unwilling to incur the hazard of a personal responsibility in addition." The same doctrine is held in *Blanchard v. Railroad Co.*, 31 Mich., 43. We are not quite prepared to say that the deed in question contains even a condition. It is doubtful whether "the permanent location" mentioned was not deemed to be something fully executed. But, for the purposes of the opinion, it may be conceded that the deed means the same as if it recited as the consideration "the permanent location and *maintenance* of a depot," etc. The case would not be stronger for the plaintiffs than that of *Jackson v. Florence*, above cited; and the grantors would be entitled to nothing more than a forfeiture as for breach of a condition subsequent. Now, if the deed in question contains no promissory undertaking of such a character as to create a personal obligation on the part of the original company, the grantee in the deed, it does not create such obligation on the part of the appellant.

But the plaintiffs do not rely upon the deed alone. They rely in part upon a contract which preceded the deed, and to which reference is made in the deed. The plaintiffs insist that the reference is such that the contract virtually became imported into the deed, so far as the question before us is concerned. The reference is a statement in the deed that it is made "as per agreement of April 25, 1871." But, to our mind, this means nothing more than that the deed was a satisfaction of that contract.

2. ——: recital of prior contract: merger in deed.

We do not care to set out a copy of the contract. It is very doubtful under the authorities whether it could be said to contain a covenant on the part of the original company; but, conceding that it does, we cannot think that the reference is sufficient to import the covenant into the deed, to say nothing of the question as to whether it, if so imported, would

run with the land. We think it sufficient to say that the appellant does not in our opinion hold through the contract in any proper sense, and is affected by no terms, conditions or promises, if there are any, contained in the contract, and not expressed in the deed.

The plaintiffs rely in part upon the fact that the appellant took possession of the so-called depot grounds, and occupied them for a time. But this fact could not give the terms of the deed any force which they would not otherwise have, and, as we have seen, there is nothing in the deed to create a personal obligation, even on the part of the grantee therein. The plaintiffs rely in part upon the fact that they paid the original company $350 in money, and that that company agreed, in consideration thereof, to maintain a

3. ——:
collateral
agreement:
does not run
with land.

depot at the point in question. If that company entered into such agreement, and if no objection could be raised to it under the statute of frauds, nor as against public policy, that company might doubtless be held liable in some amount for a breach of the agreement. But the appellant is privy to no agreement on the part of the original company, except so far as it may be through the deeds of conveyance through which it holds title, and we have seen that there is nothing in them on which the appellant can be held.

The plaintiffs cite and rely upon *Varner v. The St. L. & C. R. R. Co. et al.*, 55 Iowa, 677. In that case the road was built by The St. L. & C. R. R. Co. The plaintiff made a contract with that company. Afterward the road was sold to another company, and the plaintiff was allowed to enforce his contract against property of the latter company. But the contract in that case was a contract for a deed of a right of way, and the plaintiff was merely allowed to enforce his claim for compensation against the land which he contracted to convey. The consideration for the contract was an agreement to fence. No fence having been built, the damages were ascertained as the amount due the plaintiff, and judgment

therefor was rendered against the original company, and declared a lien upon the land described in the contract. No personal judgment was rendered against the company purchasing. We do not think that there is anything in this case which affords any support to the ruling below.

We have not noticed every consideration urged by the plaintiffs' counsel, but we think that they are substantially disposed of by the views which we have expressed.

The court decreed that the notes for $400, given by the plaintiffs, and now in the hands of the appellant, be given up. Of this the appellant does not, and could not properly, complain. The decree in this respect should, we think, be allowed to stand. The appellant admits that it has forfeited its right in the strip of land conveyed for depot grounds, and disclaims all further interest therein. We think that it should be decreed to execute a formal release. So far as the decree below allowed damages, we think that it is erroneous, and cannot be sustained.

4. ——:
promissory
notes: breach
of condition
subsequent:
rights of
grantors and
makers.

Modified and Affirmed.