THE MISSOURI PACIFIC RAILWAY COMPANY V. WILLIAM
GANO.

EJECTMENT, *Does not Lie.* Where an owner of land enters into a parol
contract with a railroad company authorizing it to take the posses-
sion of a portion of his land for a right-of-way and to construct its
railroad across the same, for which the railroad company agrees to
pay him $75, and the railroad company, with the knowledge and con-
sent of the owner, takes the possession of the property and constructs
its railroad across the same, but does not pay him the $75 nor any
part thereof, the owner cannot then maintain an action in the nature
of ejectment to evict the railroad company from the premises and to
prevent it from using its railroad, but his remedy is an action for
the $75.

*Error from Miami District Court.*

EJECTMENT.  Judgment for plaintiff, *Gano,* at the October
term, 1888.   The defendant *Company* comes to this court.
The facts appear in the opinion.

*W. A. Johnson,* for plaintiff in error.

*Sperry Baker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of eject-
ment, brought in the district court of Miami county on April
12, 1887, by William Gano against the Missouri Pacific Rail-
way Company, to recover the possession of a small strip of
land in the southeast corner of out-lot No. 7, in Snyder's ad-
dition to the city of Paola, which strip of land was and is
used by the railway company as a portion of its right-of-way.
The defendant answered, setting forth in substance — first, a
general denial; second, that in 1879 the St. Louis, Kansas &
Arizona Railway Company was engaged in the construction
of its line of railway through the city of Paola, and westerly;
that with the full knowledge and consent of the plaintiff, and
with the honest belief on the part of the railway company
that it had the right to do so, it took the possession of the

strip of land in controversy and constructed its line of railway over the same; that after so constructing its railway, and in 1880, it was consolidated with other railway companies and became a part of the Missouri Pacific Railway Company, and that ever since the construction of the railway in 1879 the railway has been used and operated by the two railway companies in succession, first, by the St. Louis, Kansas & Arizona Railway Company, and second, by its successor in interest, the Missouri Pacific Railway Company, with the full knowledge of the plaintiff and with a full recognition on his part of the right of each of such companies to do so. The plaintiff replied to this answer by filing a general denial. The case was tried upon these pleadings before the court and a jury, and the jury rendered a general verdict in favor of the plaintiff and against the defendant, and also made special findings of fact; and upon this verdict and these findings the court below rendered judgment in favor of the plaintiff and against the defendant, for the eviction of the defendant from the premises; and the defendant, as plaintiff in error, brings the case to this court for review.

It appears that the plaintiff was the original owner of the property in controversy; that in 1879 he entered into a parol contract with the right-of-way agent of the St. Louis, Kansas & Arizona Railway Company to permit it to occupy the premises as and for a right-of-way, and to construct its railway over the same, and the company was to pay him as a consideration therefor $75. Afterward, with the consent of the plaintiff, the railway company took the possession of the property in controversy, constructed its railway over the same, and then refused to pay the plaintiff the $75 which it had agreed to pay him, but offered to pay him at first $10, and afterward $15, if he would give to it a quitclaim deed for the premises. This he refused to do, and no settlement has yet taken place. In 1880, the Missouri Pacific Railway Company, by the aforesaid consolidation, became the successor in interest of the St. Louis, Kansas & Arizona Railway Company, and the Missouri Pacific Railway Company, with the knowledge of the plaintiff

and without any objection from him, has operated the railway across his premises ever since. The plaintiff never demanded of either railway company the property in controversy until he did so by commencing this action, but always claimed the $75; but he has never received the same nor any part thereof, nor any consideration for his property.

. We think the plaintiff has mistaken his remedy. After permitting and inviting the railway company to take the possession of his property and to construct its railway across the same, he cannot now maintain ejectment to evict the railway company from the premises, and to prevent it from using its railway. ( 2 Woods, Rly. Law, 792; *McAulay v. W. Vt. Rld. Co.*, 33 Vt. 311; *Goodin v. Canal Co.*, 18 Ohio St. 169; *Harlow v. M. H. & O. Rly. Co.*, 41 Mich. 336; *Baker v. C. R. I. & P. Rly. Co.*, 57 Mo. 265; *Buchanan v. L. C. & S. W. Rly. Co.*, 71 Ind. 265; *Lane v. Miller*, 27 id. 534; *L. & O. Rld· Co. v. Ormsby*, 7 Dana, 276; *Pettibone v. L. C. & M. Rld. Co.*, 14 Wis. 443.) His action should be for the recovery of the $75 which the railway company agreed to pay him, with interest and costs, and he could enforce the judgment by a sale of any of the company's property, or perhaps by injunction to prevent the company from operating its railway across his premises until it should pay the amount recovered; or, if both parties have abandoned the original parol contract, which we do not think they have, then the plaintiff could recover his damages by an ordinary condemnation proceeding, or by a regular action having the effect of such a proceeding, instituted for that purpose.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.