Avery v. The Kansas City & Southern Railroad Company, *Appellant.*

Division Two, January 31, 1893.

1. **Practice:** EVIDENCE: HARMLESS ERROR. Evidence, though improperly admitted, will not cause a reversal of the judgment where it does not appear that its admission prejudiced the appellant or affected the result of the trial.

2. **Railroad:** LEASE: EJECTMENT. Where a railway company, as the assignee of a lease which permits the construction of a railroad track across the leased premises, and provides for the forfeiture of the lease in default of payment of the rent, entered upon the premises and constructed its tracks thereon, and subsequently refused to pay the rent, the lessor may maintain ejectment against the company and can do so without entry or demand of possession.

3. **Pleading:** ESTOPPEL. Estoppel, if relied on as a defense, must be pleaded where pleadings are required.

113  561
121   60
113  561
127  239
127  303
113  561
138  573
140   35
113  561
81a  311
113  561
158  361
159  558
159  595
113  561
175  ³275
96a  ³641
97a  ³ 27
113  561
101a  28

*Appeal from Henry Circuit Court.* — HON. D. A. DE ARMOND, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) The court erred in refusing to give instructions 1, 2, 3 and 5, asked by the defendant. If defendant constructed its road with the knowledge and acquiescence of the plaintiff over the strip of land in controversy, and did not pay plaintiff therefor, an action for the value of the land accrued to plaintiff, but not the right to maintain ejectment. *McClellan v. Railroad*, 103 Mo. 312; *Baker v. Railroad*, 57 Mo. 265; *Bradley v. Railroad*, 91 Mo. 499; *Gray v. Railroad*, 81 Mo. 132. And a case parallel to the one at bar will be found in *Hubbard v. Railroad*, 63 Mo. 68; *Kanago v. Railroad*, 76 Mo. 214; *Matterson v. Railroad*, 76 Mo. 347. An interesting and well considered note, with a full collation of authorities, will be found in the case of *Railroad v. Soltweddle*, 36 American & English Railroad Cases, 579 to 581. (2) The court erred in admitting alleged conversation with supposed officers and directors of the railroad company, namely, the conversation with R. D. Blair touching refusal to pay royalty, and the fact that there was no coal on the land. (3) The court erred in overruling the motion in arrest filed by defendant. The petition does not state facts sufficient to constitute a cause of action, in that it wholly fails to state that the land had not been condemned for railroad purposes. A case directly in point and determining the sufficiency of a petition of like character. *Tompkins v. Railroad*, 43 American and English Railroad Cases, 127.

*Calvird & Lewis* for respondent.

(1) Ejectment will lie when under terms of the lease the estate of the tenant has become forfeited, although no right of entry is expressly inserted in the lease. *Horton v. Railroad*, 12 Abbott's New Cases, 31; 4 Kent's Commentaries [8 Ed.] p. 127. And no demand for possession is necessary. *Ellis v. Kyger*, 90 Mo. 606; *O'Brien v. Wagner*, 94 Mo. 96; *Armstrong v. St. Louis*, 69 Mo. 315. (2) The switch was put on Avery's land by authority given in the lease, and the lease provided that a failure to pay royalty forfeited the term. And so the *McClellan Case* and the *Baker Case* are not in point here. *Evans v. Railroad*, 64 Mo. 457, *et seq.; Bradley v. Railroad*, 91 Mo. 500; *Horton v. Railroad, supra; Walker v. Railroad*, 57 Mo. 275. The plaintiff is not estopped unless he misled defendant to its detriment. This he did not do, for Green testifies that he built the road under the lease. (3) No estoppel is pleaded, and the trial court did not err in refusing defendant's instructions thereon. *Noble v. Blount*, 77 Mo. 242; *Bray v. Marshall*, 75 Mo. 330. (4) It was not necessary for plaintiff to allege in his petition that the railroad company had not acquired a right to possession by condemnation; this is a matter of defense. *Hennessey v. Railroad*, 30 Minn. 55. (5) The answer does not plead an estoppel *in pais*, and there is no equitable answer for relief against a forfeiture, as suggested in *Messersmith v. Messersmith*, 22 Mo. 372. The defendant seemed content to rest its case on the legal title, and that inquiry was the sole issue. And so, there being no equity in this case, plaintiff had judgment below, for at common law on breach of condition subsequent the grantor might enter, or, being denied, eject. 4 Kent's Commentaries, *supra; Jones v. Railroad*, 79 Mo. 96.

BURGESS, J.—This is an action of ejectment begun April 12, 1890, for the possession of a strip of land about ten feet wide and extending across one hundred and twenty acres of plaintiff's land from its main track to a coal shaft, and occupied by defendant as a switch.

On the twenty-first day of December, 1888, plaintiff entered into a written contract with one T. M. Green, by which he leased to him for the term of twenty-five years said tract of one hundred and twenty acres, together with other lands, for mining purposes. The lease provided that the lessee should have the right of way over, through and across all lands of plaintiff, the right of way not to include the right of way for the main line of any railroad. It also provided for the payment of a royalty of a sum amounting to at least $100 for each and every year during the continuance of the lease, commencing from the date thereof, and that for any failure to pay the full sum of $100 every year, it should be considered a forfeiture of the lease, and that it should be null and void. Green was at the time of taking the lease defendant's general manager. The road was constructed under the authority of the lease with plaintiff's knoweldge and consent. Green afterwards turned the lease over to defendant's president. He paid the rent as per the lease up to and including 1887. No rent has been paid since.

The answer is a general denial. Plaintiff's title is admitted by defendant.

The evidence offered by plaintiff tended to show defendant in possession under the lease, the value of the rents and that none had been paid since 1887. Defendant offered no evidence. The case was tried by the court without a jury. Defendant asked five instructions, all of which were refused. No instructions were asked by plaintiff. The judgment was

for plaintiff. Defendant filed its motion for new trial and in arrest, both of which being over-ruled, it brings the case to this court by appeal, and assigns for error the action of the trial court in admitting improper evidence against its objections, refusing instructions and in overruling its motion for new trial and in arrest of judgment.

The first point made by appellant in this court is as to the action of the trial court in permitting the plaintiff who was a witness in his own behalf to testify to various statements made to him by John Q. Blair, R. D. Blair and L. M. Green, all of whom it appears at some time or another had in some way been connected with defendant as its officers or agents. While these objections were in the main well taken, as the evidence was immaterial, we cannot see how the defendant was in any manner prejudiced thereby, as it could not in any way have affected the result. It was, however, proper for the witness to state that he had not received anything under the lease since 1888, for it is for that reason that this suit was brought, and the cause upon which this action is bottomed. The action of the court in admitting this evidence over the objection of defendant will not justify a reversal of the cause on that ground.

Defendant's principal contention is that inasmuch as plaintiff permitted defendant to go on his land and build its road, without objection, that he cannot now maintain this action; but that he must resort to an action for the value of the ground taken; or for damages for breach of the conditions of the lease; or to a suit in equity to compel the lessee to comply with its terms; and cites a large number of authorities to sustain its position.

In the case of *McClellan v. Railroad*, 103 Mo. 296, cited by appellant's counsel in his brief it is said: "Eject-

ment will not lie on the part of a land owner against a railroad company for a strip of land occupied as a right of way, where he has by deed, acquiescence or license induced the company to build its road on his land and to make permanent and costly improvements thereon, and this is true although the company has failed to comply with condition subsequent as to erection of fences and cattle-guards and the like, contained in the deed from the owner to the company.'' Such is the law as declared by this court in the cases of *Baker v. Railroad*, 57 Mo. 265; *Bradley v. Railroad*, 91 Mo. 493; *Provolt v. Railroad*, 57 Mo. 256. In the case of *McClellan v. Railroad*, *supra*, the condition was contained in the deed and was, that the railroad company was to construct two cattle passes under their track on the premises at such points as should be selected by the grantor. To the same effect is the case of *Baker v. Railroad*, *supra*.

In the case of *Hubbard v. Railroad*, 63 Mo. 70, the deed provided that a depot should be erected at a certain point. In the case of *Kanaga v. Railroad*, 76 Mo. 207, the road was built by and with the knowledge and consent of the plaintiff, and the court rightly held that he could not stand by and encourage the building of the road at large expense, see the work going on, and afterwards maintain ejectment for the ground taken by it for the roadbed and right of way. See also *Railroad v. Soltweddle* 36 American & English Railroad Cases, 579 to 581.

All of these are cases where the entry of the railroad company was first unlawful and afterwards submitted to without objection by the landowner, so as to imply a license on his part, or by deed with conditions subsequent and without any condition of forfeiture contained therein.

In a case where there is a license the land owner cannot take advantage of his own wrong by standing by in silence and seeing expensive and useful improvements being made, and after the work is completed maintain ejectment for the ground so taken. He would be estopped by his silence, acquiescence and want of action. But it will be observed that the case at bar is based on an entirely different state of facts. Here the land was taken under and by authority of the lease read in evidence, which expressly provides for the payment by the lessee, under whom defendant occupies the ground sued for, a sum to amount to at least $100 for each and every year during the continuance of the lease, commencing from its date which was December 21, 1882, and that any failure to pay the full sum shall be considered a forfeiture of the lease and that it shall be null and void. No rent was paid after the year 1888, for more than two years before this suit was begun. The condition for the payment of the rent annually was a condition subsequent, and, for failure to pay the rent as agreed, the lease was forfeited and a right of action accrued to the plaintiff for possession of the ground sued for.

That the defendant might have paid the rent and been relieved from the forfeiture it is true; but it did not offer to do so, but defends the suit on the ground that plaintiff cannot maintain this action.

In the case of *Horton v. Railroad*, 12 Abbott's New Cases, 30, the court held that in a lease a provision for its termination at the election of the lessor upon default in payment of rent, although in the form of a mere stipulation or contract, is still a condition, since it provides for ending the term and forfeiture of the estate in case of default, and that upon breach of the condition ejectment might be maintained by the

lessor for the premises, although no right of entry was expressly reserved in the lease. Kent's Commentaries [8. Ed.] p. 127.

There was no waiver of the condition of the lease by plaintiff for condition broken or on any other account. He can maintain this action without entry or demand of possession. The commencement of the suit was all that the law required. *Ellis v. Kyger*, 90 Mo. 606; *O'Brien v. Wagner*, 94. Mo. 96. It seems upon both principle and authority that the action may be maintained under the facts as they exist in this case.

No estoppel was pleaded by defendant which must be done when estoppel *in pais* is relied on as a defense, in cases where pleadings are required. *Bray v. Marshall*, 75 Mo. 327; *Noble v. Blount*, 77 Mo. 235; *Messersmith v. Messersmith*, 22 Mo. 372.

It follows from the views herein expressed that the judgment must be affirmed. ·SHERWOOD, J., concurs, GANTT, P. J., not sitting.