(96 N. W. Rep. 1025.)

---

WILLIS H. GRISWOLD, ALBERT DERBY AND GEORGE F. BALL, SUING FOR HIMSELF AND AS TRUSTEE FOR ELIZABETH M. BALL, GEORGE F. BALL, MARGARETE RYDER AND WINNIFRED E. NARAMORE, *v.* MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILWAY COMPANY, A CORPORATION.

Opinion filed November 4, 1903.

**Tenant in Common May Assert Possession in Ejectment Against All But Cotenants.**

1. A tenant in common of real estate is entitled to the possession thereof as against all the world save his cotenants, and may maintain an action in the nature of ejectment to recover the possession of the entire tract as against strangers to the title.

**Reversion of Title on Breach of Condition Subsequent—Public Policy—Estoppel.**

2. The owner of land conveyed the same to a railroad corporation for a right of way upon the express condition contained in the deed that, if the grantee failed to erect and maintain a depot at a point named in the deed, the land should revert to the original owner. The depot was erected but was subsequently abandoned. It is *held* in an action to recover possession: (1) That the above provision constituted a condition subsequent and not a covenant; (2) that the condition, not being restrictive as to the erection and maintenance of depots at other points, is not void as against public policy; (3) that upon the failure of the grantee to maintain the depot the title and right of possession reverted; (4) that on the facts of this case the plaintiffs are not estopped from asserting their right of possession by an action in the nature of ejectment either as against the defendant or the public.

**Court of Equity May Stay Execution of Judgment.**

3. Where the execution of a judgment of ejectment against a railroad corporation will operate harshly, and seriously affect public interests, a court of equity has power in its discretion to suspend its execution for a period of time sufficient to enable it to prosecute condemnation proceedings. The action of the district court in staying execution of judgment in this case for a period of six months for that purpose is approved.

Appeal from District Court, Richland county; *W. S. Lauder,* J.

Action by Willis H. Griswold and others against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*Purcell & Bradley,* for appellant.

The condition contained in the conveyance of the right of way to the defendant, was a condition subsequent, and the land owner cannot eject the corporation for a breach of a condition subsequent. Wood on Railway Law, 604; *Hornback* v. *Cincinnati, etc., R. R. Co.,* 20° Oh. St. 81; *Dunn* v. *Railway Co.,* 24 Mo. 493; *Goodin* v. *Canal Co.,* 18 Oh. St. 169; *Roberts* v. *N. P. R. R. Co.,* 158 U. S. 1, 15 Sup. Ct. Rep. 756; *Atlanta, etc., R. R. Co.* v. *Barker,* 31 S. E. Rep. 452; *Indiana, etc., R. R. Co.* v. *Allen,* 53 N. E. Rep. 456.

Failure to bring action, until after public interests have intervened, will prevent its successful prosecution. In such case the plaintiff may recover compensation, but not possession. *Railroad*

*Co.* v. *Johnston,* 59 Pa. St. 290; *Smart* v. *Railroad Co.,* 20 N. H. 233; *Harrington* v. *Railroad Co.,* 17 Minn. 215; *Harlow* v. *Marquette H. & O. R. Co.,* 2 N. W. Rep. 204; *Maxwell* v. *Bay City Bridge Co.,* 2 N. W. Rep. 639.

Unless acquiescence is prolonged until the statute of limitations has run, an action for damages will lie. *Railway Co.* v. *Butler,* 46 Am. Rep. 580; *Blair et al.* v. *Kiger et al.,* 12 N. E. Rep. 293; *Rusck* v. *Milwaukee L. S. & W. R.,* 11 N. W. Rep. 253; *Evans* v. *R. R. Co.,* 64 Mo. 453; *N. P. R. R. Co.* v. *Smith,* 171 U. S. 260, 18 Sup. Ct. Rep. 794.

*Chas. E. Wolfe,* for respondents.

The defendant acquired its right to the land in dispute by contract; the termination of the contract leaves it a trespasser. But it can still exercise the right of eminent domain. *Jackson, etc., Ry. Co.* v. *Adams,* 9 So. Rep. 2, 14 L. R. A. 533.

The plaintiffs—who are with others co-owners—may maintain ejectment against all the world except their co-owners, and recover the whole estate. *Mather* v. *Dunn,* 76 N. W. Rep. 922, and cases cited; *Brady* v. *Krueger,* 66 N. W. Rep. 1083.

A full and complete equitable title will sustain an action in ejectment against a wrong doer not connected with the legal title. *Merrill* v. *Dearing,* 47 Minn. 137, 49 N. W. Rep. 693; *Hancock* v. *McAvoy,* 151 Pa. 460, 18 L. R. A. 781.

The question of misjoiner is waived by not being raised by answer below. Rev. Codes 1899, 5272; *Mather* v. *Dunn, supra; Sykes* v. *First Nat. Bank,* 49 N. W. Rep. 1058.

Under the constitution and statutes of this state, an action in ejectment will lie by a land owner to recover possession of land from a railroad company, the same as from an individual, and such action is the proper remedy. *Ritchie* v. *Kansas, N. &' D. Co.,* 39 Pac. 718; *Lewis* v. *St. Paul, M. & M. Ry. Co.,* 58 N. W. Rep. 580 (S. D.); *Sherman* v. *Milw. Lake Shore & W R. R. Co.,* 40 Wis. 645; *Hull* v. *C. B. & Q. R. Co.,* 32 N. W. Rep. 162; *Blaisdel* v. *Winthrop,* 118 Mass. 138; *Railroad Co.* v. *Smith,* 78 Ill. 96; *Railroad Co.* v. *Pres't Knox College,* 34 Ill. 195; *Coburn* v. *Pacific Lumber & Mill Co.,* 46 Cal. 32; *Cloes* v. *B. C. R. & N. Co.,* 64 Ia. 149; *White* v. *Railway Co.,* 64 Iowa 281; *Cox* v. *Louisville R. R. Co.,* 48 Ind. 178; *Jacksonville, etc., Ry. Co.* v. *Adams,* 14 L. R. A. 533; *Pittsburg & S. R. R. Co.* v. *Jones,* 59 Pa.

433; *Pittsburg & L. E. R. Co.* v. *Bruce,* 102 Pa. 23; *Bartleson* v. *Minneapolis,* 33 Minn. 468, 23 N. W. Rep. 839; *Harrington* v. *St. P. & S. C. Ry. Co.,* 17 Minn. 215; *Lohman* v. *St. P., etc., Ry. Co.,* 18 Minn. 174.

Any other remedy but ejectment would be inadequate. *Thomas* v. *Hunt,* 32 L. R. A. 857; *Lyman* v. *Suburban Ry. Co.,* 60 N. E. Rep. 515, 52 L. R. A. 645.

It is proper practice to renuer judgment as herein entered, and stay execution or proceeding for a reasonable time, to enable the defendant by appropriate proceedings to condemn the land. *Jacksonville, etc., Ry. Co.* v. *Adams,* 14 L. R. A. 533.

YOUNG, C. J. This action was instituted in the district court of Richland county for the purpose of ejecting the defendant railway company from a strip of land used by it for a right of way. The defendant is, and has been since February 12, 1892, a railroad corporation, operating a line of railroad from Sault Ste. Marie, Mich., to Portal, N. D., and over the lands involved in this action, and is a common carrier of freight and passengers, and of the United States mail, and is engaged in interstate commerce. On February 12, 1892, the land in question was conveyed to the defendant by warranty deed containing the usual covenants of warranty. The conveyance was upon a condition subsequent, the condition being contained in the following clause: "Providing a depot and station is erected and maintained on section 21, above described, continuously; otherwise this land shall revert to original owner." Subsequent to the execution and delivery of the deed a depot was constructed, but the same was removed from the land on April 26, 1900. The case was tried to a jury. At the trial the defendant objected to the introduction of any evidence under the complaint "on the ground that such complaint does not state facts sufficient to constitute a cause of action, for the reason that it appears affirmatively from the allegations contained in the complaint that the defendant, the Soo Railway Company, was placed in possession of the premises in controversy by the plaintiff under a warranty deed containing a condition subsequent, and that a possessory action which seeks to deprive the defendant of the possession of its road after it is constructed and operating trains cannot be maintained." This objection was overruled, and exception taken. A motion for a directed verdict upon the same grounds was also overruled, and exception taken. Upon the plaintiff's motion, the court directed a

verdict for the plaintiff for the relief demanded in the complaint, towit, possession of the land in question. Thereafter judgment was entered in favor of the plaintiff for the immediate and exclusive possession of the real estate in question and for costs. The judgment further ordered that execution thereon by stayed for a period of six months from the date of the entry of the judgment to enable the defendant to condemn said land and acquire an easement thereon and thereover under the laws of the state of North Dakota. Defendant has caused a statement of the case to be settled embodying specifications of numerous alleged errors in the admission and rejection of evidence, and upon the court's refusal to direct a verdict for the defendant and to the direction of a verdict in favor of the plaintiff. The appeal is from the judgment.

Two reasons, and two reasons only, are urged in this court by the defendant as grounds for reversing the judgment. The first is that the evidence does not show title in the plaintiffs to the premises in controversy, either legal or equitable, such as will entitle them to maintain an action of ejectment even in case ejectment will lie. The second is that the remedy by ejectment cannot be granted on the facts existing in this case. Neither contention can be sustained. As to the first contention, it may be said that the plaintiffs claim perfect, legal, and equitable title. Whether this be the fact or not, we need not determine. The evidence shows conclusively that the plaintiffs in any event have an undivided interest in the real estate in controversy, and, if not the sole and absolute owners of the entire tract, are tenants in common. It is therefore unnecessary and improper to determine the extent of their interest, for the law is well settled that a tenant in common of real estate is entitled to the possession of the same as against all the world save his cotenants, and may maintain ejectment and recover possession of the entire tract as against strangers to the title. *Sherin* v. *Larson,* 28 Minn. 523, 11 N. W. 70; *Collier* v. *Corbett,* 15 Cal. 183; *Hart* v. *Robertson,* 21 Cal. 346; *Mahoney* v. *Van Winkle,* 21 Cal. 553; *Treat* v. *Reilly,* 35 Cal. 129; *Phillips* v. *Medbury,* 7 Conn. 568; *Robinson* v. *Roberts,* 31 Conn. 145; *Weese* v. *Barker,* 7 Colo. 178, 2 Pac. 919; *Wheeling P. & B. R. Co.* v. *Warrell,* 122 Pa. 613, 16 Pac. 20; *Mather* v. *Dunn,* 11 S. D. 196, 76 N. W. 922, 74 Am. St. Rep. 788; *Allen* v. *Higgins,* 9 Wash. 446, 37 Pac. 671, 43 Am. St. Rep. 847.

The remaining question is whether the plaintiffs may resort to the possessory action formerly afforded by the action of ejectment

to vindicate their rights. The appellant contends that they may not, but must invoke other remedies. Before taking up the consideration of this question, it is proper to state that both parties to this controversy agree that the clause in the deed above quoted constituted a condition subsequent, and that upon the failure of the defendant to maintain the depot the title to the land conveyed by said deed and involved in this action reverted. Neither is there any claim made that the plaintiffs did not promptly assert their alleged right of possession upon the failure of the defendant to maintain the depot, or that after the forfeiture they consented or acquiesced in any way in defendant's possession of the premises. Neither is it claimed that the plaintiffs have omitted to take any steps necessary to terminate the estate granted by the deed, or to authorize them to maintain this action, if it may be maintained. The condition upon which the grant was made, viz., that the title to the land should revert to the original owners if the defendant failed to maintain a depot at the point in question, did not restrict the maintenance of depots at other points, and was a lawful condition. *Lyman* v. *Suburban Ry. Co.*, 190 Ill. 320, 60 N. E. 515, 52 L. R. A. 645; *Gray* v. *C. M. & St. P. Ry. Co.*, 189 Ill. 400, 59 N. E. 950; *Cleveland, C., C. & I. Ry. Co.* v. *Coburn*, 91 Ind. 557; *Louisville, New Albany, etc., Ry. Co.* v. *Sumner*, 106 Ind. 55, 5 N. E. 404, 55 Am. Rep. 719. Defendant does not contend otherwise. The sole contention of the appellant is that this action cannot be maintained. In support of this contention it is urged that the plaintiffs, by their acts, are estopped from maintaining an action for the possession; and, further, that public interests or public policy forbids its maintenance. As applied to the facts as they exist in this case, we cannot agree to this contention. It is true that many cases may be found which sustain the doctrine that a landowner who consents and acquiesces in the entry upon his land by a railroad corporation and in the expenditure of large sums of money thereon by the corporation under a justifiable belief that the owner will not assert his right of possession cannot maintain ejectment. The following cases may be cited as sustaining this view: *Mo. Pac. Ry. Co.* v. *Gano*, 47 Kan. 457, 28 Pac. 155; *McLellan* v. *The St. Louis & H. Ry. Co.*, 103 Mo. 295, 15 S. W. 546; *South & North Ala. Ry. Co.* v. *Ala. Great Southern*, 102 Ala. 236, 14 South. 747; *Avery* v. *Kansas City & S. Ry. Co.*, 113 Mo. 561, 21 S. W. 90; *Louisville N. A. & C. Ry. Co.* v. *Soltweddle* (Ind.) 19 N. E. 111,

9 Am. St. Rep. 852. On the other hand, other cases hold that the landowner may stand upon his strict legal rights, and maintain the action. *Allegheny Valley R. Co.* v. *Colwell* (Pa.) 15 Atl. 927; *Smith* v. *Chicago A. & St. L. R. Co.,* 67 Ill. 191; *Chi. & Alton R. Co.* v. *Smith,* 78 Ill. 96; *Hibbs* v. *C. & S. W. Ry. Co.,* 39 Iowa 340; *Conger* v. *B. & S. W. R. Co.,* 41 Iowa 419. Without expressing an opinion upon the doctrine of these cases, it is sufficient for the purposes of this case to state that there are no facts present in this case upon which an estoppel can be based. There is good reason for denying a landowner the right to retake possession of land when he has by his acts or contract induced the belief that he would not do so, and the railroad company has acted upon that belief to its detriment as well as to the detriment of the public, if the owner were permitted to assert his possessory right. That, however, is not this case. In this case the defendant entered into possession under an express agreement that the estate which it acquired should be forfeited if it failed to comply with the condition of the grant, namely, the maintenance of the depot. It assented to the consequences of the default by expressly agreeing that, if the depot should not be erected and maintained continuously, "this land shall revert to original owner." It was within the power of the defendant to avoid the forfeiture of its title, but it elected not to do so, and thus voluntarily subjected itself to a forfeiture of the estate, as it was authorized to do under express terms of the grant. The owners of the land have not misled the defendant in any respect, or caused it to alter its position by inducement, promise, or acquiescence. They are simply asserting the rights which were given under the express terms of the grant.

Neither can we sustain the contention that public policy requires that plaintiffs should be denied the remedy afforded by this action. As already stated, it is conceded that the title to the land in controversy reverted to the original owners. The plaintiffs are therefore entitled to all rights of owners, including the right of possession. They have not parted with the right of possession by deed or contract, or forfeited their right to assert it by consent, acquiescence, or otherwise. The defendant's title and right of possession were voluntarily forfeited by it when it declined to further perform the condition which gave it such title and right of possession. Does public policy require that the plaintiffs shall be remediless? That they shall be stripped of the power to vindicate their rights of property when

they were without fault? The appellant answers that they have other adequate remedies, and that they must resort to them, and not invoke a remedy to recover possession, which may interfere with public interests. Cases are numerous in which the doctrine which is invoked has been applied. They will be found to be cases in which the grantee covenanted and bound himself to perform the conditions; that is, in each case there is both a condition and a covenant (or an absence of an express provision that the title should revert). In these cases the grantor had alternative remedies. He could compel the specific performance of the covenant, or maintain his action for its breach, or forfeit the estate and recover the premises. To avoid a forfeiture of the estate, which is always odious in the eyes of the law, and in some cases from consideration for public interests, courts have compelled grantors to rely either upon their action for specific performance or for damages. The doctrine of these cases, however, has no application to the facts of this case. This deed contains no covenant, but merely a condition. The defendant did not covenant or agree to maintain the depot, and in no way bound itself to do so. It merely accepted the grant of the land in question upon the condition that, if it did not maintain the depot, the land should revert to the original owners. It might elect to maintain the depot and retain the land, but it was not bound to do so. The only liability which it incurred for failure to observe the condition was that the land should revert. It is entirely clear, therefore, that the plaintiffs cannot maintain an action to compel the defendant to maintain the depot, for there is no agreement upon which to base such an action. Neither can it maintain an action for damages for its failure to maintain the depot, for the same reason. Its only remedy is that which it now seeks. On this point see the following cases: *Jackson* v. *Florence,* 16 Johns. (N. Y.) 47; *Palmer* v. *Plank Road Co.,* 11 N. Y. 387; *Livingston* v. *Stickles,* 8 Paige (N. Y.) 398; *Blanchard* v. *Railroad Co.,* 31 Mich. 43, 18 Am. Rep. 142; *Close et al.* v. *B. C. R. & N. Ry. Co.,* 64 Iowa 149, 19 N. W. 886; *Clark* v. *Inhabitants, etc.,* 81 Mo. 503, 51 Am. Rep. 243. In *Palmer* v. *Plank Road Co., supra,* the court said: "It is clear that there may be a condition without a covenant, and that, where the language imports a condition merely, and there are no words importing an agreement, it cannot be enforced as a covenant, but the only remedy is through a forfeiture of the estate. * * * It by no means follows, because a grantee consents to take an estate, sub-

ject to a certain condition, that he also consents to obligate himself
personally for the performance of the condition. Many cases might
be imagined in which one would be willing to risk the forfeiture
of the estate, while he would be altogether unwilling to incur the.
hazard of a personal responsibility in addition." The right to main-
tain an action for trespass affords a remedy only for the interfer-
ence with the plaintiffs' possession, and is not a substitute for the:
remedy to recover the possession itself. In short, the present ac-
tion is the only one to which the plaintiffs can resort to vindicate
their property rights. In this state a landowner may be compelled
to submit to a loss of his land through condemnation proceedings.
under the power of eminent domain. The right to exercise that.
power was open to the defendant. It not only has declined to ex-
ercise it, but it insists upon using plaintiffs' lands without legal
right, and also demands that plaintiffs be denied the only remedy
they have to vindicate their property rights; and this upon the
ground that public policy demands that it be afforded this protec-
tion. The plaintiffs' property rights are protected both by the Con-
stitution and by the statute. In the absence of a transfer by deed
or contract, or its loss by consent or acquiescence, the title and right.
of possession of the land can be obtained by defendant only by an
exercise of the power of eminent domain. A similar question was.
before us in the case of *Donovan* v. *Allert*, 11 N. D. 289, 91 N. W.
441, 58 L. R. A. 775, which was an action to enjoin a telephone
company from maintaining its poles upon a street abutting plain-
tiff's property. It was urged in that case that the plaintiff had an.
adequate remedy in an action to recover damages, and that the rem-
edy afforded by injunction for protecting his property rights would.
seriously interfere with public interests, and should not, therefore,.
be accorded. Both contentions were overruled, and for reasons.
which are controlling in this case. The court said: "The defend-
ants are proceeding to damage the plaintiff's property without first.
complying with a mandatory provision of the Constitution. That
provision of the Constitution is peremptory that property taken or
damaged for public use shall first be paid for, and the legislature has.
also enacted that payment must precede the taking or damage, and.
has provided adequate means for establishing the amount of such
damages. The taking or damaging of private property for public
use without the owner's consent is deemed so serious that payment:
therefor is a prerequisite to attempting to do so. The defendants.

have the ultimate right, under their franchise, to use the street for telephone purposes; but payment of damages, actual or consequential, to plaintiff's property, must be first attended to. This does not mean that it may first be appropriated, and paid for at the end of a suit for damages, but means that payment must precede the taking or damaging"—citing *McElroy* v. *Kansas City* (C. C.) 21 Fed. 261; *Searle* v. *City of Lead* (S. D.) 73 N. W. 913, and numerous other cases. We held in that case that the occupancy of the plaintiff's property was a violation of rights which were protected both by the Constitution and by statute, for the prevention of which a preliminary injunction should have been granted. We know of no doctrine of public policy which authorizes the courts to deprive an individual who is without fault of the possession of his real estate by withholding remedies adapted to vindicate his right of possession. The cases are numerous wherein the remedy by ejectment has been invoked and sustained on facts substantially like those which exist in this case. . The *Indianapolis P. & C. Ry. Co.* v. *Hood et al.,* 66 Ind. 580; *Horner* v. *C. M. & St. P. Ry. Co.,* 38 Wis. 165; *Avery* v. *Kansas City & S. Ry.,* 113 Mo. 561, 21 S. W. 90. See, also, *Cowell* v. *Colorado Springs Co.,* 100 U. S. 55, 25 L. Ed. 547; *Ritchie* v. *Kansas, N. & D. Co.,* 55 Kan. 36 39 Pac. 718.

It is not an uncommon practice, in view of the hardship attending the ejectment of a railroad company from its right of way, for a court of equity to enjoin the proceedings to oust it from land upon which it has in good faith constructed its road until it shall have an opportunity to acquire title by condemnation proceedings. *Allegheny Valley R. Co.* v. *Colwell* (Pa.) 15 Atl. 927; *Pittsburgh & Lake Erie Ry.* v. *Bruce,* 102 Pa. 23; *Harrington* v. *St. Paul, etc., Co.,* 17 Minn. 215 (Gil. 188); *South & N. Ala. R. Co.* v. *Alabama, etc., Co.,* 102 Ala. 236, 14 South. 747; *New York, etc., Co.* v. *Stanley's Heirs,* 35 N. Y. Eq. 283; *Justice* v. *Nesquehoning Valley Railroad Co.,* 87 Pa. 28; 3 Elliott on Railroads, section 944. In this case that power was exercised by the court in staying the execution of the judgment for a period of six months for the purpose of enabling the defendant to prosecute its condemnation proceedings. This course was proper, in our opinion.

Finding no error in the record, the judgment will be affirmed. All concur.